Desmond, J.
Defendant’s conviction in City Court of Buffalo on an automobile speeding charge (Buffalo City Ordinances, oh. 60, § 14, subd. 3) was reversed by an order which, since it does not specify “ on the law ” or “on the facts ”, must be considered a reversal on the law alone (Code Crim. Pro., § 543-a, subd. 4). The appellate court in its opinion rejected as insufficient the two types of proof offered to prove speeding. The proof of a radar reading was ruled out because, although there was some showing of a test of the radar equipment, there was no indication that the automobile speedometer against which the radar reading had been checked was itself accurate. The other proof of speeding came from two admittedly experienced and qualified police officers who from separate positions had observed defendant’s oncoming automobile. This proof also the appellate court refused to consider since, so the court held, the officers had insufficient time and opportunity to judge the rate of speed at which defendant’s car was moving.
We think this reversal on the law was improper. In People v. Magri (3 N Y 2d 562, 566) we officially recognized “the general reliability of the radar speedmeter as a device for measuring the speed of a moving vehicle ”. The accuracy of the particular piece of radar equipment used in the Magri case had, however, not been tested (or, rather, the results of the tests were not proven). For that reason we held in accordance with People v. Heyser (2 NY 2d 390) that the radar record of Magri’s speed was not of itself sufficient proof of the speeding charge. But we upheld the Magri conviction nonetheless since there was there as in the present case additional competent proof in “ the testimony of the two qualified and experienced police officers, who had adequate opportunity to observe defendant’s vehicle as it approached the radar car ” (Magri opinion, 3 N Y 2d 567).
*128 Another recent decision pertinent here is People v. Marsellus (2 N Y 2d 653, 655). The proof against Marsellus consisted of the opinion of the arresting policeman plus that officer’s testimony as to a reading taken from his police car speedometer which had been tested some weeks before against a ‘ ‘ master speedometer ” which itself had not been otherwise tested. In Marsellus we applied the Heyser case, (supra) ruling that “ evidence as to what even an untested speedometer showed was admissible.” The sum of the combined Magri, Heyser and Marsellus holdings is: first, that a reading from an untested speedometer or radar device is admissible but is not without more sufficient for a speeding conviction; and, second, that the resulting deficiency in proof can be supplied by the testimony of qualified observers.
As to' the appellate court’s holding in this case that as matter of law neither of the policemen had adequate opportunity to check the speed of defendant’s car approaching from their rear, we point again to the contrary holdings in People v. Heyser and People v. Magri (supra). The “ opportunity ” for observation by these officers was about the same as in the Magri situation. The relative positions of the policemen and the approaching car, as well as the time available for looking, etc., were factors going to the weight of the officers’ opinion testimony. But the testimony itself was not as matter of law inadmissible.
Admissibility and weight of opinion evidence and measuring device evidence in speeding cases is governed by the same rules applied in other types of eases. Qualified individuals at appropriate observation posts have always been allowed to state opinions as to speed (Fisher v. Union Ry. Co., 86 App. Div. 365; Salter v. Utica & Black Riv. R. R. Co., 59 N. Y. 631; Senecal v. Drollette, 304 N. Y. 446, 448). Radar and speedometer readings are generally admissible and may be sufficient in themselves if there be reasonable proof of their accuracy.
The order appealed from should be reversed and the case remitted to Supreme Court, Erie County, for determination of the questions of fact raised in that court (Code Grim. Pro.. § 543-b).