J. Kenneth Servé, J.
On February 13, 1962, the defendant was convicted by a Court of Special Sessions in the Town of Barre, Orleans County, New York (Alvie Gr. Peglow, J), of speeding, in violation of section 1180 (subd. [b], par. 2) of the Vehicle and Traffic Law, and was fined $100 and his license suspended.
Upon this appeal, the defendant claims that substantial errors were committed at his trial in that evidence was admitted as to the “ clocking ” of the defendant without proper proof of the accuracy of the speedometer in the car of the arresting officer, and further that the witness, who testified as to the speed of the defendant’s car, was not a qualified observer.
The arresting officer, who was the sole witness for the People, testified that, based upon his personal observation of the defendant’s car, it was his opinion that the defendant was operating *909 the same at 70 miles per hour, and that when he clocked the defendant, the defendant was traveling at a rate of 60 miles per hour. The officer’s opinion as to the speed of defendant’s car was based on his observation north of the hamlet of Barre Center, while the alleged violation for which the defendant was arrested and tried occurred south of Barre Center, and several miles distant from the place where the officer estimated the defendant’s speed to be 70 miles per hour.
It is important to note that the officer testified that Barre Center constituted a restricted speed zone, and that the defendant slowed down in such speed zone, and after the defendant left Barre Center, the officer started, for the first time, to clock the defendant. The defendant testified he reduced his speed below 50 miles per hour in the Barre Center restricted speed zone, and then increased the speed of his vehicle to 50 miles per hour after he left and travelled south of Barre Center. The defendant’s testimony on this point was uncontradicted and in fact the arresting officer also testified that the defendant reduced speed through the hamlet of Barre Center. The arrest was based on the speed that the defendant allegedly operated his motor vehicle at while the officer clocked him. The officer did not testify as to his personal opinion of the speed of the defendant’s car for the period and in the location while the clocking was being done.
In an effort to prove the accuracy of the speedometer on the car of the arresting officer, there was received in evidence, over the defendant’s objection, an exhibit entitled “ Speed Deviation Record”. On this exhibit appeared a signature over a line, which was apparently that of the arresting officer, and indicated such officer to be the driver of the car at the time of the test, and also the signature of an officer over a line which identified such officer as the “Observer”. • No testimony was offered as to the validity of either signature. In reference to the deviation record, the witness testified that he witnessed the calibration test. The witness did not state what he observed nor how the speedometer deviation test was made. Neither did he state, from his own personal observation of the test, what the results of the test were. The witness merely stated that “ This car being calibrated on the 26th day of November, 1961, myself being the witness to calibration and driver of the car, I would like to introduce in evidence a speed deviation record, which I witnessed as an observer to the visual meter.” Based on such testimony, the speed deviation record was admitted into evidence. The last-quoted testimony does not constitute a proper foundation for the admission into evidence of the *910 speed deviation record. At no time was the person who conducted such test called as a witness. Based upon the testimony-in this case, it was error to admit into evidence the speed deviation record.
No effort was made to lay a proper foundation to introduce the speed deviation record into evidence under the provisions of section 374-a of the Civil Practice Act.
The arresting officer also testified that “ Just prior to using that car, that car was tested by myself on radar on which I was radar pick-up man. No difference in tally of speed.” This testimony does not meet the standard of establishing the accuracy of the speedometer in the officer’s car.
Without the speed deviation record, and there being no other competent evidence as to the accuracy of the speedometer in the arresting officer’s car, for the purposes of this case such speedometer must be considered an untested speedometer or at most a speedometer which had been tested but with no results of the test being properly received in evidence.
Evidence of the reading in an untested speedometer is admissible, but is not, without more, sufficient for a speeding conviction (People v. Heyser, 2 N Y 2d 390). The additional proof can be supplied by the testimony of qualified observers (People v. Magri, 3 N Y 2d 562).
The arresting officer attempted to qualify himself as a person competent to judge the speed of a moving automobile by testifying as follows: “ I based the estimation of speed on the fact that I had 4 years and 10 months as a member of the State Police, I drive a motor vehicle 50,000 miles a year, 30,000 of that mileage on Division of State Police cars and I am ruled experienced on speed by the New York Traffic Division. A radar operator for a length of time on the job and have had a number of occasions to judge the accuracy and establishment of speed while observing cars from off road parking and use of radar.” By such testimony, the witness has established that he has had ample opportunity to observe motor vehicles, but he has failed to testify as to the nature of the observations in the field of estimating speed; and further, if he did make observations of motor vehicles in order to estimate their speed, he has omitted to state what the results of his observations were and if his estimation of speed at such times was substantially correct when checked against recognized devices for measuring speed. No other testimony was offered to qualify the witness to render an opinion as to speed of moving vehicles. The witness should particularize his experience in judging and estimating *911 the speed of moving vehicles so the trier of the facts can determine as to whether or not such witness is a qualified observer. The witness in this case has failed to properly qualify himself as a person able to judge speed of moving automobiles, and his opinion of the speed of the defendant’s automobile should be disregarded. (People v. Tanner, 6 Misc 2d 1007.)
Leaving out the speed deviation record, which was erroneously received in evidence, the only evidence in the record is the testimony of the reading of an untested speedometer, plus the opinion of an unqualified observer as to the speed. This amount of proof is clearly insufficient to sustain the People’s burden of proving the defendant’s guilt.
The judgment of conviction is reversed, the fine remitted, and the information dismissed.