STATE OF CONNECTICUT *v.* FRANK A. TARQUINIO, JR.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. MV 12-25597

Argued January 17—decided March 11, 1966

*Alan A. Green,* of New Britain, for the appellant (defendant).

*F. Joseph Paradiso,* assistant prosecuting attorney, for the appellee (state).

KINMONTH, J. The defendant was charged with violation of § 14-219 of the General Statutes. Upon trial to the jury he was found guilty and has appealed, assigning error in the admission of the evidence of a state trooper as to the speed of the defendant's vehicle during the period of a "clock" when no foundation had been laid to establish the validity of the device by which the trooper reached his conclusion.

The facts essential to this appeal may be stated as follows: On August 29, 1965, at approximately 10:50 p.m. on route 15, the Wilbur Cross Parkway, the defendant was clocked by a state trooper for eight-tenths of a mile at speeds of seventy-four to seventy-six miles per hour in the town of Manchester. The posted speed limit in this area is sixty miles per hour.

The defendant objected to the trooper's testimony as to his speedometer reading during the clock on the ground that the device had not been identified or its accuracy established. Subsequently, the trooper testified that he was driving a 1965 Ford and that the speedometer had been calibrated on July 1, 1965, although he was not personally present. He further testified that it is the practice of the state police department to calibrate their vehicles every three months.

Speedometers are not a new device for measuring speed but have been used on automobiles for

over fifty years. The general accuracy of speedometers is a matter of general knowledge. *People* v. *Tyler,* 109 N.Y.S.2d 756, 757. Speedometers, like other machines, may get out of order, but they may be relied upon with reasonable certainty to determine accurately the speed at which a vehicle is driven. It cannot be said therefore that, because some speedometers may be out of order, speed may not be measured by instruments manufactured for the purpose and usually giving approximately correct speeds. *Spokane* v. *Knight,* 96 Wash. 403, 405. Instruments and devices are used to detect violations of speeding laws and to furnish proof thereof in prosecutions. One of the most common of these is the speedometer operating in a car following the accused. In a prosecution for driving a motor vehicle above the speed limit, testimony of an officer "making a clock" of the reading of his speedometer is prima facie evidence of violation of the speed laws on which the court can act, even though no evidence of the accuracy of the speedometer is introduced. 5A Am. Jur. 1013, Automobiles and Highway Traffic, § 1253. No one would contend that a witness' testimony as to the reading of the time on a watch or the speed shown on a speedometer must be disregarded in the absence of prior proof of the complex elements involved in producing the result. *State* v. *Greul,* 59 N.J. Super. 34, 38. Indeed, courts receive evidence daily of readings on watches, scales and other measuring devices without affirmative proof of their having been tested. *State* v. *Dantonio,* 18 N.J. 570, 580, 581; *Nicholas* v. *Penny,* [1950] 2 K.B. 466. In the latter case the court held that a speeding conviction could be sustained on the basis of a police officer's speedometer reading without any affirmative proof that the speedometer had recently been tested. See note, 21 A.L.R.2d 1200, 1202. The speedometer reading

is only prima facie evidence, the defendant is at liberty to attack the reading by cross-examination and otherwise, and the ultimate determination is fairly left to the trier of the facts. See *State* v. *Tomanelli,* 153 Conn. 365; 61 C.J.S. 751, Motor Vehicles, § 647. The evidence does not have to be infallible to be admissible. If it is of aid to the judge or jury, its deficiencies or weaknesses are a matter of defense which affect the weight of the evidence but do not determine its admissibility. *State* v. *Roberts,* 102 N.H. 414, 416.

We have been unable to find a Connecticut case exactly on the question, but refer to *State* v. *Gordon,* 144 Conn. 399, 400, in which the court impliedly accepted the reading of a "clock" where the speedometer had not been calibrated.

The court did not err in the admission of the evidence.

There is no error.

In this opinion KOSICKI and LEVINE, Js., concurred.