Lyman H. Smith, J.
The defendant appeals to this court from a judgment of conviction of speeding in violation of subdivision (b) of section 1180 of the Vehicle and Traffic Law, after trial before a Court of Special Sessions, the Hon. Peter Jensen, Justice of the Peace of the Town of Torrey, Yates County, presiding on November 13, 1967. Upon the conviction the court imposed a fine of $25.
Defendant contends, among other things, that the People failed upon the trial to prove a prima facie case. Specifically, the defendant contends that there was a fatal variance between the allegations of the complaint and the proof adduced upon the trial. The record bears out the defendant’s contention in this regard.
The complaint charges the defendant motorist with having committed the alleged violation on November 5,1967. The transcript of testimony of the arresting officer (the People’s only witness) reads as follows:
“ Q. Were you on duty the 23rd day of October, 1967 ? A. Yes, Sir.
“ Q. And is that the day with which we are concerned ? A. Yes, it is.
“ Q. On this day did you observe the defendant operating a motor vehicle? A. Yes, I did.”
This was the only reference in the testimony to the date in question.
At the close of the People’s case the defendant’s attorney properly moved to dismiss the information upon the ground the prosecution had failed to prove the offense as charged. The People then moved to amend the testimony to conform to the date set forth in the complaint, viz., November 5, 1967. The motion was granted. No motion was made to reopen the People’s case.
Amendments of an indictment (with respect to dates and time) to conform to proof are permitted under certain conditions pursuant to section 293 et seq. of the Code of Criminal Procedure. (Also, see, Code Grim. Pro., §. 62.) However, the court has no power to permit amendment of proof and testimony to conform to the indictment or information. Where proof fails the only *148 cure is more or different evidence. None was offered in the instant case. In short, the evidence and testimony wholly failed to prove a material allegation of the complaint, viz., the date on which the alleged violation occurred.
Ordinarily, a variance between the date of the offense as alleged in the indictment or information and the actual date proved upon trial may be disregarded (cf. Code Grim. Pro., § 280; also, see, People v. Jackson, 111 N. Y. 362) particularly where the exact time when an offense was committed is an immaterial element of proof of the proscribed conduct. However, this court is compelled to conclude that the alleged date of the alleged traffic violation is an essential issue for the court’s determination upon the trial of a traffic violation. Such determination will in every instance seriously affect the motorist’s right to drive (see, Vehicle and Traffic Law, § 510). Every effort should be made upon trial to avoid evidentiary errors with respect to the time of the alleged traffic offense, for any error therein will work to the prejudice of the accused motorist.
As above indicated, the proof in the instant case wholly failed to establish the date of the alleged violation. In effect, the judgment of conviction is a nullity.
The record reveals other errors sufficient to set aside the judgment of conviction, including a failure to properly qualify the arresting officer as an expert in estimating the speed of moving vehicles (cf. People v. Dusing, 5 N Y 2d 126; also, see, People v. Skupien, 33 Misc 2d 908). Further, the proof as to the accuracy of the speedometer used to “ clock ” the defendant motorist left much to be desired. However, in view of the fatal variance between the proof and the complaint no further review of alleged errors is necessary.
Upon the law and the facts the judgment of conviction is set aside, the information dismissed and the fine remitted.