### State of Connecticut v. Warren L. Ellis

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 7-38216

Argued January 22—decided March 29, 1968

*Thomas C. Gerety,* of Bridgeport, for the appellant (defendant).

*Dennis F. Gaffney,* assistant prosecuting attorney, for the appellee (state).

KINMONTH, J. The defendant was charged with a violation of § 14-219 of the General Statutes. Upon trial to the jury he was found guilty and has appealed, assigning error in the admission of the evidence of a state trooper as to the speed of the defendant's vehicle during the period of a "clock" when no foundation had been laid to establish the

accuracy of the speedometer, and in the denial of the defendant's motion to set aside the verdict.

The facts essential to this appeal may be stated as follows: On February 14, 1967, at approximately 10:30 a.m., on route I-91, the defendant was clocked by a state trooper for one mile at speeds of seventy-two to seventy-four miles per hour in North Haven. The posted speed limit in this area is sixty miles per hour. The defendant objected to the trooper's testimony as to his speedometer reading during the clock on the ground that the accuracy of the speedometer had not been established. The state then attempted to prove that the trooper on February 14, 1967, just prior to the present arrest, had driven his cruiser through radar at speeds of sixty, seventy, and eighty miles per hour. This testimony was stricken when it was determined that the trooper had no personal knowledge of the radar readings nor whether the radar was properly set up. The trooper did testify, without objection, that his speedometer had been tested on July 14, 1966.

The vast majority of cases in this country hold that in the absence of statutory provision there is no presumption that the timing device (speedometer) is accurate and the prosecution must submit evidence from which the jury can find that the device was operating properly and that it had been properly tested within a reasonable time before the date of its use in question. *Spokane* v. *Knight,* 96 Wash. 403, 405; 2 Wharton, Criminal Evidence (12th Ed.) § 669. In the instant case, the only evidence of the testing of the speedometer for accuracy was that it was tested some seven months before the date in question, and this seems an unreasonable time if we consider that it is the state's duty to prove the defendant guilty beyond a reasonable doubt. Of course a defendant may waive his rights

if the evidence comes in without objection, as was stated in *State* v. *Tomanelli,* 153 Conn. 365, 372, in regard to tuning forks. See *State* v. *Brezina,* 45 N.J. Super. 596; *State* v. *Dantonio,* 18 N.J. 570, 578.

There are cases holding that the reading of an untested speedometer is admissible but is not in itself sufficient to support a conviction for speeding. *People* v. *Dusing,* 5 N.Y.2d 126. We are, however, of the opinion that the majority rule should be followed, particularly in view of the statement of our Supreme Court that "[w]hether the instrument itself is accurate and is accurately operated must necessarily be demonstrated to the satisfaction of the trier in order to render the evidence produced by it admissible." *State* v. *Tomanelli,* supra, 371. This statement referred particularly to radar but is equally applicable to any instrument used to measure speed.

We think that the case of *State* v. *Tarquinio,* 3 Conn. Cir. Ct. 566, is distinguishable on its facts, since in that case there was evidence that the speedometer had been calibrated less than two months before the arrest and that it was the practice of the state police department to calibrate their vehicles every three months. This was sufficient to satisfy the trier of the accuracy of the speedometer and thus to make out a prima facie case.

Cases involving untested speedometers should not arise. Any objections which could be made to the introduction of evidence concerning the readings of such speedometers, it would seem, could be simply and easily overcome by making regular tests and keeping records of the tests in the books of the police department by which tests were made. The offer, as ordinary business entries under § 52-180 of the General Statutes, of evidence of such records, indicating the routine testing of speedometers,

would be all that is necessary. By giving attention to such simple procedures, the law enforcement agencies would eliminate technical objections, save embarrassment for themselves and others, and promote better understanding of the necessary procedures as well as police confidence in the correctness of convictions for speeding.

In the instant case, there being no evidence that the speedometer had been properly tested for accuracy within a reasonable time before the date of its use in question, evidence of the speed of the defendant's vehicle should not have been admitted.

There is error, the judgment is set aside and the case is remanded with direction to grant the defendant's motion to set the verdict aside.

In this opinion MACDONALD and JACOBS, Js., concurred.