**The People of the State of Illinois, Plaintiff-Appellee, v. Seaton Cash, Defendant-Appellant.**

**Gen. No. 68–75.**

Fifth District.

November 27, 1968.

Seaton Cash, pro se, of Burnt Prairie, appellant.

Frank Bonan, State's Attorney of Hamilton County, of McLeansboro, for appellee.

GOLDENHERSH, J.

Defendant, Seaton Cash, appeals from the judgment of the Circuit Court of Hamilton County entered upon a finding of guilty of violation of section 49 of the Uniform Act Regulating Traffic on Highways. (C 95½, § 146, Ill Rev Stats 1967.)

This proceeding commenced with the issuance of a traffic ticket and complaint charging defendant with driving 76 miles per hour in a 65 mile per hour zone.

Joe Irvin, an Illinois State Trooper, testified that on December 8, 1967, he was operating electronic radar equipment on Route 460, three miles west of the Enfield Junction in Hamilton County. The radar unit marks the speed of vehicles on a graph. It was checked for accuracy approximately 15 minutes prior to the occurrence in question by driving a car past it at a set speed, and by use of a tuning fork. He had been trained in the use of the unit, and had operated it approximately 60 to 100 days per year for several years.

He testified that a car passed the radar at a speed of 76 miles per hour; he "unhooked" from the radar and proceeded to attempt to apprehend the car. He had the vehicle in sight at all times, caught up to within 100 yards of it within a mile and one-half, followed it with the red light on the police car on for a mile and one-quarter, and was 150 to 200 feet behind when it stopped one-quarter mile west of the Enfield intersection. He called the license number of the vehicle back to Trooper Suddarth.

Trooper Suddarth testified he was working with Irvin; they had tested the unit approximately 10 minutes prior

21

to the occurrence; the license number was called back to him by Irvin and he noted it on the graph.

Defendant testified he passed the radar unit, glanced at his speedometer which showed a speed of 65 miles per hour; he traveled on two or three miles when he saw a trooper's car parked off the road; he saw the red light flashing and stopped. Later he checked the speedometer and his travel time over the same area and testified he could not have driven at the speed with which he is charged.

Defendant testified that other vehicles passed the area at approximately the same time as his. On cross-examination Trooper Irvin stated that there was no radar sign of any other vehicle in the area at that time.

Defendant was not represented by counsel at the trial, and appears pro se in this court. In lay language, his brief raises the issue of whether the evidence is sufficient to prove him guilty beyond a reasonable doubt.

■ We have examined People v. Abdallah, 82 Ill App2d 312, 226 NE2d 408, an excellent article which appears at 56 IBJ 296, and the note found at 49 ALR2d 469. We agree with what was said in People v. Abdallah, supra, with respect to there being no necessity for expert testimony as to the usefulness of the method used for determining speed of a moving object, and the proof of accuracy of the particular radar device.

■ The testimony is sufficient to show both qualification of the operators, and the accuracy of the device. The conflicting testimony as to the presence of other vehicles does not warrant our reversal of a finding of fact by the trial court. The evidence is sufficient to sustain the conviction and the judgment is affirmed.

Judgment affirmed.

MORAN and EBERSPACHER, JJ., concur.