STATE of North Dakota, Plaintiff and
Appellee,

v.

Henry ALBERS, Defendant and Appellant.

Crim. No. 453.

Supreme Court of North Dakota.

Oct. 2, 1973.

Rehearing Denied Oct. 23, 1973.

Thompson, Lundberg & Nodland, Bismarck, for defendant and appellant.

Allen I. Olson, Atty. Gen., and Thomas F. Kelsch, State's Atty., Bismarck, for plaintiff and appellee.

PAULSON, Judge.

On October 21, 1972, the defendant, Henry Albers [hereinafter Albers] was travel-

ing east on Interstate Highway 94 between Bismarck and Sterling. Albers was observed by State Highway Patrolman Erwin Kobs, who was flying an airplane 700 feet above the road upon which Albers was driving. Patrolman Kobs timed Albers' car as it passed between markings on the highway, which markings are one mile apart. Patrolman Kobs used a stopwatch to time Albers' car and took two readings, one of 38.3 seconds and one of 38.7 seconds. As is the custom of the Highway Patrol in this kind of speed timing, Patrolman Kobs used the higher figure to compute Albers' speed. Albers' speed was computed to be 93 miles per hour, and the posted daytime speed on I-94 is 75 miles per hour.

Patrolman Kobs radioed his clocking of Albers' speed to State Highway Patrolman Matt Erhardt, who was in a patrol car on I-94 in that vicinity. When Patrolman Erhardt approached Albers' car on the highway, Patrolman Kobs told Erhardt by radio that Erhardt was pursuing the right car. Patrolman Erhardt signaled Albers to stop his car and then issued a citation to Albers for speeding.

On March 19, 1973, Albers appeared in the Burleigh County Court of Increased Jurisdiction for trial. On April 27, 1973, that court issued its judgment of conviction for speeding and fined Albers $15.

Albers is appealing his conviction and claims that despite the fact that he did not object to the admission of the stopwatch readings at trial, the readings should not have been admitted nor considered sufficient to convict him unless the State first had proved the accuracy of the stopwatch.

The State, on the other hand, maintains that unless the admission of the stopwatch readings are objected to during the trial on the basis of improper foundation for not showing the accuracy of the stopwatch, the stopwatch readings are before the court as unimpeached evidence usable to convict.

Albers' contention is based on a line of New York cases which hold that radar and speedometer evidence is admissible without proof of accuracy, but that without such proof of accuracy the radar or speedometer readings alone are not sufficient to convict for speeding. In such a case there must be additional proof of speeding, usually testimony of police officers experienced in determining speeds of vehicles. See People v. Dusing, 5 N.Y.2d 126, 181 N.Y.S.2d 493, 155 N.E.2d 393 (1959).

The State relies on some cases from Connecticut which hold that in order for evidence of speed readings from radar or speedometer to be admissible, the accuracy of the speed reading device must be proved to the satisfaction of the trier of facts. However, the defendant may waive this right if the evidence comes in without objection. See State v. Ellis, 5 Conn.Cir. 190, 248 A.2d 71 (1968) and State v. Tomanelli, 153 Conn. 365, 216 A.2d 625 (1966).

In the opinion of this court the rule expressed by the courts of Connecticut is the better rule. We are not at liberty to legislate and find that stopwatch readings are prima facie evidence of speeding, as was done by our Legislature in § 39-03-15, N.D.C.C., with respect to radar speed detection.

We hold that, in the absence of legislation to the contrary, the accuracy of the speed detection device must be proved to the satisfaction of the trier of the facts, but if the evidence of speed as recorded by a speed detection device is admitted without objection as to the accuracy and testing of the speed detection device, then such evidence stands unimpeached and may be used to convict for speeding.

We held, in State v. Julson, 202 N.W.2d 145 (N.D.1972), in paragraphs 8 and 9 of the syllabus:

"8. The proper time to object to the introduction of evidence is when the evidence is offered, or when a question is asked which is in itself improper or calls for an improper answer.

"9. As a general rule, an assignment of error in the admission of evidence will not be reviewed by this court unless proper and timely objection is made to the admissibility thereof, and the admissibility of such evidence cannot be challenged for the first time upon appeal."

In the instant case Albers failed to object to the foundation of the speed readings as computed by Patrolman Kobs through the use of a stopwatch. The admissibility of the evidence is not subject to review. We find the evidence sufficient for conviction. State v. Champagne, 198 N.W.2d 218 (N.D.1972).

The judgment of conviction rendered by the county court of increased jurisdiction is, therefore, affirmed.

ERICKSTAD, C. J., and TEIGEN, KNUDSON and VOGEL, JJ., concur.