THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WENDY K. HILLER, Defendant-Appellant.

(No. 73-38; )

Second District—October 16, 1974.

Marco & Mannina, of Downers Grove, for appellant.

John J. Bowman, State's Attorney, of Wheaton (Malcolm F. Smith, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Stopped by a radar patrol officer, defendant was arrested for driving at a speed of 74 m.p.h. in a 50-m.p.h zone. After a bench trial, she was found guilty of speeding and fined $10 plus costs. It is defendant's position that when a person's arrest for speeding is based upon a reading of a radar unit, that person, at the time of arrest, has a right to request and observe a test of the unit's accuracy, that failure to comply with such request creates a presumption of the unit's inaccuracy, and that where the presumption stands unrebutted, a person cannot be found guilty beyond a reasonable doubt.

The sole witness to testify was the arresting officer who stated that he had had 2 years of on-the-job training with the radar unit and that he had read the manual provided by the manufacturer, that on the night in question, he had come on duty at 11 P.M. and that between that time and 12:50 A.M. (when he stopped the defendant) he had checked the radar unit for accuracy "once or twice", and that he had conducted the tuning-fork test and checked the internal calibration, both in accordance with the manufacturer's directions and on each test the unit registered "65," indicating its accuracy. The officer stated that there was no other traffic in the area at the time defendant broke the radar beam and that the unit showed her speed to be 74 m.p.h., that defendant asserted she was driving at 55 m.p.h. and, after issuance of the citation, asked for a tuning-fork check of the unit's accuracy, and that, without stating a reason, he had refused defendant's request. Approximately 15 minutes after stopping the defendant, the officer again ran the two-fold test of the unit and the results again indicated its accuracy..

At the close of this testimony, defendant moved for a directed verdict claiming that while the burden of proof was on the State, the refusal to verify the accuracy of the unit in defendant's presence denied her the means to refute the only evidence against her and placed the burden upon defendant to prove her innocence. The court denied the motion stating that the law imposed no requirement upon an officer to accede to a request for a test of the unit in the presence of the one stopped as a result of its operation.

■■ Defendant is correct in the statement that where the accuracy of a radar device is unproven, the results are insufficient to convict. The cases cited for this proposition, however, all hold that the results of the tuning-fork test, conducted by a trained officer, under specific circumstances, is sufficient to prove the accuracy of the radar unit.

The officer here had adequate experience in the operation of the equipment; there was sufficient time for the "warm-up" of the unit; it had been tested just prior to defendant being stopped and was re-tested shortly afterward; the tests were conducted in a manner prescribed and with the fork provided by the manufacturer. In this case there is no unrebutted presumption to cast doubt upon the accuracy of the radar unit. There is only a conflict in assertions as to defendant's speed at the time she was stopped.

We are cognizant of the weight which courts give to the results of a radar unit's recording and of an accused's virtual inability to refute those results. We therefor empathize with defendant's underlying argument that, without seeing a test of the equipment, an individual is without means to challenge the accuracy of a radar reading. While fairness would

seem to dictate that a defendant should have the right to request and witness a test of the unit at the time of arrest, such requirement cannot be imposed by judicial interpretation; it is a matter which calls for legislative enactment.

■■ Presently, the law is clear that proof, as here given, of the accuracy of the unit is sufficient for the trier of fact to find defendant guilty of speeding. *People v. Stankovich*, 119 Ill.App.2d 187 (1970); *People v. Barbic*, 105 Ill.App.2d 360 (1969); *People v. Abdallah*, 82 Ill.App.2d 312 (1967).

Judgment affirmed.

SEIDENFELD and RECHENMACHER, JJ., concur.