THE VILLAGE OF SCHAUMBURG, Plaintiff-Appellee, *v.* PHILLIP A. PEDERSEN, Defendant-Appellant.

First District (2nd Division)   No. 77-1228

Opinion filed May 23, 1978.

Edwin R. McCullough, of Chicago, for appellant.

Jack M. Siegel, of Chicago, for appellee.

Mr. JUSTICE PERLIN delivered the opinion of the court:

Defendant Phillip A. Pedersen was found guilty of violating a municipal ordinance by driving 62 miles an hour in a 45-mile-per-hour zone, and he was fined $20 and assessed costs of $5. The issues presented

for review are whether the court erred in refusing to let defendant testify as to his opinion concerning the visibility from one car to another on a particular stretch of road; whether the evidence failed to establish the accuracy of the police officer's speedometer used to determine the speed of defendant's car; and whether the finding of guilt was against the manifest weight of the evidence.

At trial, Officer DeGeorge testified that at about 1:30 p.m. on February 10, 1977, while driving a marked squad car, he "paced" defendant, who was driving southbound on Meacham Road, for a three-mile distance between Routes 58 and 62. During this time he followed defendant's car at a rate of speed so that the distance between the cars did not fluctuate. The officer stated he kept defendant's car in full view the entire time and determined from his speedometer that defendant was driving at the rate of 62 miles per hour. When asked whether his speedometer was calibrated for accuracy both before and after the pace, he replied, "It was checked after, yes."

Defendant testified he was a salesman who drove his car approximately 18,000 miles per year. He stated that the first time he noticed the officer was about two-tenths miles south of Route 58, but prior to that time there was no squad car visible in his rear view mirror. He had measured the distance between Routes 62 and 58 with the odometers on both of his cars and found it to be one and two-tenths miles rather than three miles. He then produced a map and testified that this exhibit also indicated that the distance was one and two-tenths miles. Defendant stated the fastest he was going was 45 miles per hour and although he looked at his speedometer only occasionally, there were cars moving along at the same rate of speed he was prior to his being stopped.

Defendant first contends the court erred in not letting him testify as to his opinion concerning the visibility from one car to another on the portion of road in question. Defendant contends he was entitled to state his opinion as to what he had observed and that nonexpert opinion testimony is permitted with reference to matters perceived by the senses. Although opinion testimony of this nature is admissible (*Lawson v. Belt Ry. Co.* (1st Dist. 1975), 34 Ill. App. 3d 7, 22-23, 339 N.E.2d 381; *State Farm Mutual Automobile Insurance Co. v. Short* (5th Dist. 1970), 125 Ill. App. 2d 97, 103-06, 260 N.E.2d 415), we do not believe that prohibiting it was prejudicial error. Defendant testified he did not see a police car behind him until shortly before he was stopped, which contradicted the testimony of the officer that he was several car lengths behind defendant for about three minutes. This presented a question of fact to be resolved by the court.

Defendant next contends the evidence fails to establish that the speedometer of the police car was properly tested for accuracy before

the arrest. When asked if the speedometer had been calibrated both before and after the arrest, the officer stated, "It was checked after, yes." Defendant argues this testimony was not sufficient to meet Illinois requirements that a timing device be tested before and after use.

■■■ The law is clear in Illinois that the results of a radar reading are insufficient to convict for a traffic violation unless there has been sufficient proof of the accuracy of the radar device. It has been repeatedly held that proof of accuracy requires that the device be tested either both before and after the particular use in question (*People v. Hiller* (2d Dist. 1974), 23 Ill. App. 3d 66, 67-68, 318 N.E.2d 506; *People v. Burch* (4th Dist. 1974), 19 Ill. App. 3d 360, 363, 311 N.E.2d 410; *People v. Barbic* (2d Dist. 1969), 105 Ill. App. 2d 360, 368-69, 244 N.E.2d 626; *People v. Abdallah* (1st Dist. 1967), 82 Ill. App. 2d 312, 316, 226 N.E.2d 408) or shortly before such use (*People v. Stankovich* (2d Dist. 1970), 119 Ill. App. 2d 187, 192-94, 255 N.E.2d 461; *People v. Cash* (5th Dist. 1968), 103 Ill. App. 2d 20, 242 N.E.2d 765. Also see Annot., 47 A.L.R. 3d 822 (1973).) We have found no cases in which the radar device has been tested only after the occurrence in question.

The law is not clear, however, with respect to requisite proof for the accuracy of speedometers (Annot., 21 A.L.R.2d 1200, 1202 (1952)), although in *People v. Fair* (1st Dist. 1965), 61 Ill. App. 2d 360, 210 N.E.2d 593, the court stated in *dicta* that the State was not required to assume the burden of proving the accuracy of a speedometer beyond a reasonable doubt. Courts in some jurisdictions have required evidence that the officer's speedometer had been tested within a reasonable time prior to the time when defendant was alleged to be speeding (*Government of Virgin Islands v. Rodriguez* (D. V.I. 1969), 300 F. Supp. 909; *State v. Ellis* (1968), 5 Conn. Cir. 190, 248 A.2d 71; *People v. Skupien* (1962), 33 Misc. 2d 908, 227 N.Y.S.2d 165; *People v. Heyser* (1957), 2 N.Y.2d 390, 161 N.Y.S.2d 36, 141 N.E.2d 553). However, other courts have held that the testimony of the police officer as to his speedometer reading is *prima facie* evidence of the violation of speed laws even though no evidence concerning accuracy of the speedometer was introduced. (*State v. Lane* (1967), 4 Conn. Cir. 368, 232 A.2d 518, 520; *People v. Tarquinio* (1966), 3 Conn. Cir. 566, 221 A.2d 595, 596-97.) In *Tarquinio* the court stated that the general accuracy of a speedometer is a matter of general knowledge and may be relied on with reasonable certainty; the speedometer reading is only *prima facie* evidence which the defendant is at liberty to attack by cross-examination or other means, and the ultimate determination is left to the trier of facts.

■■ In this case some evidence of the accuracy of the speedometer was presented to the court. No contradictory evidence was presented and no

objection was made to the State's proof of accuracy. In *People v. Stankovich* (2d Dist. 1970), 119 Ill. App. 2d 187, 195, the court held that where there was some evidence of the accuracy of the speed detection device, an issue of fact is created and it is the duty of the trier of fact to weigh the evidence. Similarly, in *State v. Albers* (N.D. 1973), 211 N.W.2d 524, 525, the court held that the accuracy of the speed detection device must be proved to the satisfaction of the trier of fact, but if the evidence of speed is admitted without objection, then such evidence stands unimpeached and may be used to convict for speeding. Therefore, we find that the question of the accuracy of the speedometer was a question of fact which was properly presented to the trier of fact and which the court resolved in favor of the State. This court will not substitute its judgment for that of the trier of fact.

■■ Defendant, alleging minor discrepancies in the officer's testimony both at trial and at the motion to dismiss, argues the finding of guilt was against the manifest weight of the evidence. After thoroughly reviewing the record, we do not find defendant's contentions to be persuasive. Reviewing courts in Illinois will not reverse a judgment where there are only minor discrepancies and a clear preponderance of the evidence establishes defendant's culpability. (*Village of Park Forest v. Walker* (1976), 64 Ill. 2d 286, 297, 356 N.E.2d 42; *City of Chicago v. Joyce* (1967), 38 Ill. 2d 368, 373, 232 N.E.2d 289.) In this case the officer testified he followed defendant's car for a substantial distance, keeping a constant interval, and determined from his speedometer that defendant was going 62 miles per hour which was in excess of the posted speed limit. The court apparently found the officer's testimony to be credible, and we find no reason to disturb the court's finding.

For these reasons the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

DOWNING and BROWN, JJ., concur.