*Supp. 3 Opinion
THE COURT.*
Facts
Appellant, James Lowe, was cited for violating Vehicle Code section 22356, subdivision (b)—exceeding the maximum speed of 70 miles per hour (mph). He pled not guilty and the case proceeded to a court trial on April 24, 2002. The facts are taken from the settled statement on appeal.
California Highway Patrol Officer Leo Lopez testified he was driving northbound in the No. 1 lane of Interstate 15 at Oak Hill. Because he was pacing a vehicle ahead of him, he was maintaining a speed of 80 mph. He then observed appellant’s vehicle behind him in the No. 2 lane, moving so rapidly that it overtook and passed him. Officer Lopez proceeded to pace appellant’s vehicle at 85 mph, after which he stopped appellant and cited him.
The officer said his speedometer had been calibrated per California Highway Patrol (CHP) policy, and he testified to the calibration results.[1] When appellant interposed a hearsay objection, the court sustained it as to the calibration results but admitted the testimony to show the CHP has a business practice of periodically calibrating speedometers in its patrol vehicles.[2]
At the conclusion of the prosecution’s case, appellant unsuccessfully moved for dismissal (Pen. Code, § 1118). Appellant then testified in his own behalf. He said he frequently drives that stretch of Interstate 15, knows it is heavily patrolled, and always drives carefully. On the day he was cited, he was moving at the speed of traffic, between 65 and 70 mph. At all times, he remained in the No. 2 lane.
Defense counsel argued defendant could not have exceeded 70 mph because “there was moderate traffic flowing at 60 mph” and there was no evidence defendant ever changed lanes. He further argued that, absent a calibration certificate for the officer’s speedometer, there was no proof beyond a reasonable doubt of the essential elements of the violation.
*Supp. 4 The court was “convinced by the totality of the evidence that defendant was exceeding 70 mph.”
When defense counsel had made his motion to dismiss, he had apparently argued that one of the essential elements of the crime was a showing that the 70 mph speed limit was established pursuant to various official procedures.[3] In discussing its finding that appellant was guilty, the court noted that, since that portion of Interstate 15 was posted at 70 mph, the court could infer the proper procedures were followed in setting that speed limit.[4] Moreover, even if the procedures had not been followed, the maximum speed limit would then have been 65 mph and appellant would still be guilty of speeding under Vehicle Code section 22349, subdivision (a). The court found appellant guilty and imposed an $87 fine. This appeal followed.
Discussion
Appellant first argues the prosecution failed to prove certain elements of the charged offense. Specifically, he contends the record contains no evidence showing the section of highway where he was cited was posted for a 70 mph speed limit in accordance with all the official procedures outlined in subdivision (a) of section 22356. The trial court found no such showing was required. We agree.
Vehicle Code section 22356, subdivision (a) is not a charging section because it does not set forth a public offense. “A crime or public offense is an act committed or omitted in violation of a law forbidding or commanding it, and to which is annexed, upon conviction, [various punishments].” (Pen. Code, § 15.) Subdivision (a) of section 22356 neither forbids nor commands an act. Rather, it authorizes state transportation authorities to raise the usual maximum highway speed of 65 mph[5] to 70 mph on certain segments of *Supp. 5 highway. On the other hand, subdivision (b) of section 22356, the statute under which appellant was charged, does state a public offense by commanding anyone driving upon a highway posted for 70 mph to drive no faster than 70.
Accordingly, to prove its case against appellant, the prosecution was required to present substantial evidence showing he exceeded 70 mph in a 70 mph zone. Appellant contends it failed to do so. In evaluating this challenge to the conviction, we are required to consider the evidence in a light most favorable to the judgment and presume the existence of every fact the trier could reasonably deduce from the evidence to support the judgment. We evaluate not whether the evidence proves guilt beyond a reasonable doubt but, rather, whether substantial evidence supports the conclusion of the trier of fact. (People v. Crittenden (1994) 9 Cal.4th 83, 139 [36 Cal.Rptr.2d 474, 885 P.2d 887]; People v. Johnson (1980) 26 Cal.3d 557, 575-577 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255].) To be “substantial,” evidence must be reasonable, credible, and of solid value. (People v. Mayfield (1997) 14 Cal.4th 668, 767 [60 Cal.Rptr.2d 1, 928 P.2d 485].)
In reviewing the record, we may neither reweigh evidence nor evaluate witness credibility. (People v. Ochoa (1993) 6 Cal.4th 1199, 1206 [26 Cal.Rptr.2d 23, 864 P.2d 103]; People v. Barnes (1986) 42 Cal.3d 284, 303-304 [228 Cal.Rptr. 228, 721 P.2d 110].) “ ‘ “[I]t is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends.” ’ ” (People v. Barnes, supra, at p. 303, quoting People v. Thornton (1974) 11 Cal.3d 738, 754 [114 Cal.Rptr. 467, 523 P.2d 267].)
Here, Officer Lopez testified he used his speedometer to pace appellant traveling at 85 mph. Appellant testified his maximum speed was 70 mph.[6] The court believed the officer, which it was entitled to do, because the testimony of one witness is sufficient for proof of a fact. (Evid. Code, §411.)
Appellant contends the officer’s testimony cannot be considered reliable evidence of speed because it is uncorroborated by speedometer calibration *Supp. 6 test results. However, appellant offers no authority supporting this assertion.[7] While we are aware of no California case directly on point, courts in other jurisdictions have permitted the fact finder to consider testimony of speedometer readings even absent calibration results. The courts reason that the general accuracy of speedometers is a matter of general knowledge and although speedometers “like other machines, may get out of order . . . they may be relied upon with reasonable certainty to determine accurately the speed at which a vehicle is driven.” (State v. Tarquinio (1966) 3 Conn.Cir.Ct. 566 [221 A.2d 595, 596-597]; see also People v. Tyler (1952) 109 N.Y.S.2d 756, 757.) In Tarquinio, the court held an officer’s testimony concerning a speedometer reading was admissible prima facie evidence of speed. The officer’s failure to present evidence of calibration would go to the weight of that evidence. Similarly, in Village of Schaumburg v. Pedersen (1978) 60 Ill.App.3d 630 [18 Ill.Dec. 99, 377 N.E.2d 252, 254]), the court held that even absent proof of calibration, the accuracy of a speedometer was a question of fact. As one court observed, “our courts receive evidence daily of readings on watches, scales and other measures without affirmative proof of their testing; the defendant is, of course, at liberty to attack the readings through cross-examination and otherwise and the ultimate determination is fairly left to the trier of facts.” (State v. Dantonio (1955) 18 N.J. 570 [115 A.2d 35, 41, 49 A.L.R.2d 460].)
Lacking California case authority on point, we are persuaded by the view of our sister states that speedometer readings may be introduced into evidence even without proof of the instrument’s accuracy. The fact finder is then free to consider the lack of such proof in determining how much weight to afford the reading.
In light of the foregoing, we proceed to search the record for evidence supporting the conviction. Officer Lopez testified without objection that bis speedometer showed appellant was traveling at 85 mph. He also testified the CHP periodically calibrates speedometers. Appellant offered no evidence showing, or even suggesting, that officer’s speedometer was inaccurate. That instrument showed appellant moving at 15 mph over the maximum speed limit of 70. The court, as fact finder, was entitled to evaluate the likelihood that a speedometer in an official CHP vehicle would be inaccurate by such a large amount; evaluate the weight of the officer’s testimony as to the speedometer reading in light of the lack of calibration results; and decide whether appellant was speeding. It did so and was convinced beyond a reasonable doubt appellant was guilty. We are bound by its factual determination.
*Supp. 7 Disposition
The judgment is affirmed.

 Before Davis, Acting P. J., Dest, J., and Wade, J.

 The record does not indicate when the calibration occurred, nor what the results were.

 The record contains no information as to how frequently such routine calibration tests are performed.

 Vehicle Code section 22356 provides in pertinent part: “(a) Whenever the Department of ' Transportation, after consultation with the Department of the California Highway Patrol, determines upon the basis of an engineering and traffic survey on existing highway segments, or upon the basis of appropriate design standards and projected traffic volumes in the case of newly constructed highway segments, that a speed greater than 65 miles per hour would facilitate the orderly movement of vehicular traffic and would be reasonable and safe upon any state highway, or portion thereof, that is otherwise subject to a maximum speed limit of 65 miles per hour, the Department of Transportation, . . . may declare a higher maximum speed of 70 miles per hour for vehicles not subject to Section 22406, and shall cause appropriate signs to be erected giving notice thereof. ...[$] (b) No person shall drive a vehicle upon that highway at a speed greater than 70 miles per hour, as posted.”

 This presumption is codified in Vehicle Code section 41101.

 We may judicially notice the fact that the maximum speed upon state highways is 65 mph except as to sections of highway that have been evaluated as suitable for, and posted with, the increased 70 mph limit (Veh. Code, § 22349, subd. (a).)

 Appellant makes much of the fact that the court did not expressly find that the highway was posted for 70 mph. We agree the record fails to contain any such express finding, but appellant does not show how this fact prejudices him. If the highway was not posted for 70 mph, then the maximum speed was 65 mph. The evidence showed appellant drove at 85 mph. Therefore, the evidence would still support a conviction.

 Under certain circumstances, California law does require affirmative proof of the calibration of radar equipment. (See, e.g., Veh. Code, § 40802, subd. (c).)