2024 IL App (2d) 230298-U
No. 2-23-0298
Order filed September 16, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kendall County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 20-CF-352, 20-CM-499, 20-TR-4480-81 |
| QUINTON MCKEE, | ) ) ) | Honorable Robert P. Pilmer, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE McLAREN delivered the judgment of the court.
Justices Schostok and Mullen concurred in the judgment.

**ORDER**

¶ 1   *Held*: The trial court properly denied defendant's motion to suppress evidence and defense counsel at trial was not ineffective.

¶ 2   Defendant, Quinton McKee, appeals from the trial court's granting the State's motion for a directed finding on his motion to quash arrest and suppress evidence. On appeal, defendant claims (1) the trial court erred in denying his motion to quash arrest and suppress evidence (2) his counsel was ineffective for failing to argue in his motion to suppress evidence that the odor of

cannabis was insufficient to establish probable cause to search defendant. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4     The State charged defendant with several offenses related to a traffic stop that occurred on December 6, 2020. Before trial, on March 22, 2023, defendant moved the trial court to quash his arrest and suppress evidence, arguing the arresting officer lacked probable cause to stop him for speeding and a seat belt violation. The trial court held a hearing on the motion on May 2, 2023. During the hearing, the trial court heard testimony from the arresting officer, Andrew Santa, and viewed video recordings of the traffic stop and arrest. The trial court denied defendant's motion and granted the State's motion for a directed finding that the arresting officer had probable cause to search the defendant and his vehicle. Defendant filed a timely appeal.

¶ 5     During the hearing on defendant's motion to suppress, Sergeant Andrew Santa, an Oswego police officer, testified that he was assigned general patrol duties on December 6, 2020. While on patrol, he noticed a silver Mazda automobile he believed was traveling faster than the posted speed limit. Using pacing with both his patrol vehicle's speedometer and global positioning system (GPS) built into the in-car video system, Santa estimated the vehicle was traveling 58-59 miles per hour in a 45 mile per hour zone. He also observed defendant driving while not wearing a seat belt. Santa turned on his emergency lights and defendant pulled over on North Merchants Drive, near the entrance to a McDonalds restaurant.

¶ 6     Santa testified he approached the vehicle and began a conversation with the driver, defendant. He introduced himself and explained why he had pulled over defendant. While the defendant claimed he had just taken off his seat belt, he did acknowledge he was going over the speed limit.

¶ 7 Santa testified that during the conversation he noticed the vehicle "had a pretty strong smell of fresh cannabis coming from the passenger compartment." Learning defendant's drivers' license had been suspended, Santa told defendant to exit his vehicle to be searched. When Santa asked if defendant had anything on him that could harm Santa, defendant revealed he was carrying a handgun. Santa handcuffed defendant and removed the weapon. Defendant admitted he did not have a Firearm Owner's Identification (FOID) card.

¶ 8 Officers placed defendant under arrest and into the back of the patrol vehicle. A female officer searched the female passenger from defendant's vehicle. The passenger was also arrested when it was discovered she had an outstanding warrant. Officers searched defendant's vehicle and discovered 45 grams of cannabis and four oxycontin pills in the center console. The vehicle was towed from the roadway.

¶ 9 Santa testified his patrol vehicle was manufactured in 2019 and purchased by the department in May 2020. He had been the only driver of the patrol car since it was delivered. It came installed with a WatchGuard video system with a built-in GPS-based speedometer. On cross-examination, Santa testified the two systems had not been recalibrated, but that both agreed on the speed of defendant's vehicle. On redirect, he described using the speed indicated on both systems to "correlate" the speed of the vehicle.

¶ 10 Following Santa's testimony, the State moved for a directed finding, arguing that defendant failed to make a *prima facie* case to support his motion to suppress.

¶ 11 The trial court found Santa credible regarding the speed of defendant's vehicle. While the trial court initially misstated the burden of proof, it clarified that it viewed the evidence in the light most favorable to the defendant. The trial court found defendant had not met his burden, granted

the State's motion for a directed finding, and denied defendant's motion to suppress evidence and quash his arrest.

¶ 12    Following a jury trial, defendant was found guilty of unlawful possession of weapon by a felon (720 ILCS 5/24-1.1(a) (West 2022)), aggravated unlawful use of a weapon (720 ILCS 5/24-1.6(a)(1)(3)(C) (West 2022)), unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 2022)), driving on a suspended license (625 ILCS 5/6-303 (West 2022)), and unlawful transportation of cannabis by a driver (625 ILCS 5/11-502.15 (West 2022)). The court merged defendant's convictions of aggravated unlawful use of a weapon and unlawful possession of a weapon by a felon, and sentenced defendant to two years' imprisonment. The court also sentenced defendant to one year of imprisonment for his conviction of possession of a controlled substance, to be served concurrently. The court imposed fines and costs for defendant's convictions of driving on a suspended license and the unlawful transportation of cannabis.

¶ 13    Defendant petitioned for judgment notwithstanding the verdict or a new trial. In the motion, defendant's trial counsel argued that Santa lacked probable cause to stop defendant and that the trial court had erred in granting the directed finding. The trial court denied the motion following a hearing. This timely appeal followed.

¶ 14                                II. ANALYSIS

¶ 15    On appeal, defendant raises two issues. First, he contends that the trial court erred in denying his suppression motion. Second, in the alternative, defendant argues his trial counsel was ineffective for failing to allege the smell of cannabis alone was insufficient to establish probable cause to search defendant.

¶ 16                       A. Probable Cause for Traffic Stop

¶ 17 Defendant claims the trial court erred when it denied his motion to suppress evidence because Officer Santa lacked probable cause for stopping him for speeding and a seatbelt violation. The trial court heard the officer testify and watched the video from the traffic stop and arrest. The video includes audio of defendant stating he "probably was going a little fast." In reviewing the evidence, the trial court found Officer Santa credible regarding his testimony that defendant was exceeding the posted speed limit. Upon our review, we cannot conclude that this finding was unreasonable, arbitrary, or not based on the evidence presented during the hearing.

¶ 18 The defendant bears the burden of proof during a hearing on their motion to suppress evidence. *People v. Mueller*, 2021 IL App (2d) 190868, ¶ 31. "In order to carry that burden, a defendant must make a *prima facie* case that the evidence at issue was obtained by or through an illegal search or seizure." *Id.* "If a defendant makes a *prima facie* case, the State has the burden of going forward with evidence to counter the defendant's *prima facie* case." *People v. Gipson*, 203 Ill. 2d 298, 307 (2003). The burden of proof ultimately remains with the defendant. *Mueller*, 2021 IL App (2d) 190868, ¶ 31. The findings of the trial court will be overturned if they are against the manifest weight of the evidence. *People v. Relwani*, 2019 IL 123385, ¶ 18. A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding is unreasonable, arbitrary, or not based on the evidence presented. *Id.*

¶ 19 A temporary detention of a motorist during a traffic stop by the police invokes the "seizure" of "persons" within the meaning of the Fourth Amendment. U.S. Const., amend. IV; *Whren v. United States*, 517 U.S. 806, 809-810 (1996). Traffic stops are permitted when it is not "unreasonable." *Terry v. Ohio*, 392 U.S. 1, *Whren*, 517 U.S. at 810. A traffic stop by a police officer is reasonable when the officer has a reasonable suspicion the motorist violated a traffic law. *Navarette v. California*, 572 U.S. 393, 397 (2014); *People v. Sims*, 2022 IL App (2d) 200391, ¶ 73.

While a mere "hunch" is insufficient, "the level of suspicion the standard requires is 'considerably less than proof of wrongdoing by a preponderance of the evidence,' and 'obviously less' than is necessary for probable cause." *Navarette*, 572 U.S. at 397; see also *United States v. Sokolow*, 490 U.S. 1, 7 (1989). The subjective beliefs of the police officer are "largely irrelevant to the probable cause inquiry." *United States v. Garcia-Garcia*, 633 F. 3d 608, 612-613 (2011).

¶ 20     Defendant cites several cases which support that a conviction for speeding requires sufficient proof to the accuracy of radar devices, stopwatches, and speedometers. *People v. Hiller*, 23 Ill. App. 3d 66, 67-68 (1974); *People v. Wilson*, 97 Ill. App. 3d 505, 506-07 (1981); *Village of Schaumburg v. Pedersen*, 60 Ill. App. 3d 630, 632 (1978). As the State correctly notes, the immediate matter involves probable cause for the traffic stop. The standard of proof for a conviction, beyond a reasonable doubt, is considerably higher than the standard of proof for probable cause. The probable cause standard involves probabilities and "are not technical; they are factual and practical considerations of everyday life in which reasonable and prudent men, not legal technicians act." *Brinegar v. United States*, 338 U.S. 160, 175 (1949); see also *Illinois v. Gates*, 462 U.S. 213, 231 (1983); *People v. Wright*, 111 Ill.2d 128, 146 (1985).

¶ 21     Defendant presumes, without citation to authority, that modern electronic speedometers and GPS-based systems must be certified and continually recalibrated to be deemed accurate. He claims that no proof was presented during the hearing to show the accuracy of the speed-tracking devices. However, defendant conveniently ignores that two, unconnected and unrelated systems were used to gauge the speed of his vehicle. One of those systems used global positioning system satellites to track the speed of the police car and recorded it digitally in the video reviewed by the trial court. The accuracy of a speedometer is a question for the fact finder to resolve. *Pedersen*, 60 Ill. App. 3d at 633. We will not substitute our judgment for the trier of fact when it determined that

the speed indicated by both a speedometer and a GPS unit provided Santa with a probable cause to stop defendant for speeding. Therefore, the trial court properly granted the State's motion for a directed finding and denied defendant's motion to suppress.

¶ 22   Next, defendant argues that the trial court erred in finding that Santa had probable cause to initiate a traffic stop due to him not wearing a seat belt. Because we have already determined that Santa had probable cause to initiate the traffic stop based on a speeding violation, we need not address this argument.

¶ 23                              B. Ineffective Assistance of Counsel

¶ 24   Defendant argues he was denied effective assistance of counsel because his trial counsel failed to argue the police could not have relied on the smell of cannabis as a legitimate probable cause for searching his vehicle. Noting recent opinions from the Illinois Appellate Court, Third District, defendant maintains that recent changes to the legality of cannabis makes the odor of burnt cannabis alone insufficient for probable cause. See *People v. Stribling*, 2022 IL App (3d) 210098, ¶ 29; *People v. Redmond*, 2022 IL App (3d) 210524, ¶ 26. He claims his trial counsel's failure to include this argument in the suppression motion equates to ineffective assistance of counsel.

¶ 25   The right to counsel is, in effect, the right to the effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 (1970); *People v. Rogers*, 2021 IL 126163, ¶ 23. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To succeed in his claim, defendant must show two things: that the performance of his counsel was deficient and that he was prejudiced by such deficiency. *Id.* at 694. In *People v. Albanese*, our supreme court adopted

*Strickland* and noted specifically that a court can dispose of a claim of ineffective assistance of counsel for a lack of sufficient prejudice without determining if such counsel was deficient. *People v. Albanese*, 104 Ill. 2d 504, 527 (1984). Even if a trial strategy did not result in an outcome favorable to the defendant, we "must make every effort to eliminate 'the distorting effects of hindsight.' " *People v. Peterson*, 2017 IL 120331, ¶ 88 (quoting *Strickland*, 466 U.S. at 689). "There is a strong presumption that counsel' conduct falls within the wide range of reasonable professional assistance[.]" *People v. Miller*, 346 Ill. App. 3d 972, 982 (2004) (citing *People v. Smith*, 195 Ill. 2d 179, 188 (2000)). The decision whether to file a motion to suppress is generally a matter of trial strategy and a court will not find counsel ineffective for "failing to file a meritless motion to suppress." *People v. McIntosh*, 2020 IL App (5th) 170068, ¶ 79; see also *People v. Rowell*, 2021 IL App (4th) 180819, ¶ 21.

¶ 26    As discussed above, the fourth amendment of the United States Constitution protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search and seizures." U.S. Const., amend. IV. This constitutional guarantee applies to the states through the due process clause of the fourteenth amendment (U.S. Const., amend. XIV). *People v. Wilson*, 228 Ill. 2d 35, 40 (2008). Reasonableness is the central requirement of the fourth amendment. *People v. Jones*, 215 Ill. 2d 261, 268-69 (2005). As such, the interest in allowing discretion in enforcing the law for the community's protection must be balanced against safeguarding a citizens' privacy. *Pennsylvania v. Mimms*, 434 U.S. 106, 109 (1977).

¶ 27    Pertinent here, the automobile exception provides that, due to their transient nature, automobiles may be searched so long as "probable cause exists to believe the automobile contains evidence of criminal activity subject to seizure." *People v. Contreras*, 2014 IL App (1st) 131889, ¶ 28; see also *People v. James*, 163 Ill. 2d 302, 312 (1994). Probable cause to search a vehicle

exists where "the facts and circumstances known to the officer at the time would warrant a reasonable person to believe there is a reasonable probability that the automobile contains contraband or evidence of criminal activity." *People v. Stribling*, 2022 IL App (3d) 210098, ¶ 10. Probable cause requires probability rather than certainty. *People v. Hill*, 2020 IL 124595, ¶ 24. Therefore, "probable cause does not require an officer to rule out any innocent explanations for suspicious facts." *Id.* Indeed, it is not necessary that the belief that contraband or evidence is present be "more likely true than false." *Texas v. Brown*, 460 U.S. 730, 742 (1983).

¶ 28 We recently addressed the legalization of cannabis in Illinois and its effect on the smell of cannabis as potential probable cause for the search of a vehicle. This court noted that "[w]hile it is true that the possession and use of cannabis is now legal in many circumstances, it is still a crime in some situations." *People v. Harris*, 2023 IL App (2d) 210697, ¶ 31; see also *People v. Webb*, 2023 IL 128957. The laws of this state make the possession and use of cannabis in an automobile illegal in some situations, so "it follows that the smell of cannabis in a car can still form the basis for probable cause. *Id.* at ¶ 32; see also *United States v. Jackson*, 103 F. 4th 483, 488 (2024). "While Illinois has legalized marijuana for recreational use in some circumstances, *** the state retains laws restricting the packaging of and use of marijuana." *Jackson*, 130 F. 4th at 489.

¶ 29 Defendant notes Santa described the odor of "fresh" cannabis. It could be argued that "fresh" cannabis could be either "raw" or "burnt." In the immediate case, however, both odors could have been emanating from the defendant's car. After all, defendant admitted to Santa during the traffic stop that he had recently smoked cannabis and he had over 40 grams of raw cannabis in a plastic bag in the center console. A plastic bag is unlikely to be the "odor-proof" container required under Illinois law. 625 ILCS § 5/11-502.1(c) (West 2022); see also *People v. Hall*, 2023 IL App (4th) 220209, ¶ 27.

¶ 30    Since the laws of Illinois make the possession and use of cannabis a crime in certain situations, it naturally follows that the smell of cannabis can still form the basis for probable cause. *Harris*, 2023 IL App (2d) 210697, ¶ 32. Therefore, we determined that defendant was not prejudiced by counsel's failure to make an argument that was likely to fail. Defendant has not overcome the strong presumption that his counsel's conduct falls within the range of reasonable professional assistance.

¶ 31    We also note that, even if we were to agree with defendant that his counsel should have argued that the smell of cannabis alone was insufficient to form probable cause, the inevitable-discovery exception would have allowed the admission of items recovered during the search. See *People v. Sutherland*, 223 Ill.2d 187, 228 (2006); *People v. Burns*, 2020 IL App (3d) 170103, ¶ 48. "This exception permits evidence, that would otherwise be inadmissible at trial, to be admitted where the State can show that such evidence 'would inevitably have been discovered without reference to the police error or misconduct.' " *Sutherland,* 223 Ill. 2d 187, 228 (quoting *Nix v. Williams*, 467 U.S. 431, 448 (1984)).

¶ 32    As the State argues, defendant's vehicle would have inevitably been subject to an inventory search before it was impounded. An inventory search is a "judicially created exception to the warrant requirement of the fourth amendment." *People v. Hundley*, 156 Ill.2d 135, 138 (1993); see also *Florida v. Wells*, 495 U.S. 1, 4 (1990). A valid warrantless inventory search of a vehicle must meet three requirements: (1) the original impounding of the vehicle must be lawful (*South Dakota v. Opperman*, 428 U.S. 364, 369 (1976)); (2) the purpose of the inventory search must be to protect the owner's property while it is in police custody, to protect the police from claims of lost, stolen, or vandalized property, and to guard the police from potential danger (*Id.*); and (3) the good-faith inventory search must be conducted pursuant to reasonable, standardized police procedures and

not solely for the purpose of investigating criminal conduct (*Colorado v. Bertine*, (1987), 479 U.S. 367, 374-375 (1987)).

¶ 33    In the immediate matter, defendant was pulled over for speeding and parked in the entry to a parking lot. Defendant was an armed felon driving on a suspended drivers' license. His only passenger had an outstanding warrant for her arrest. From the moment he was pulled over for speeding, defendant was going to be arrested, his vehicle was going to be towed, and the arresting officers were going to conduct an inventory search. During the search, Santa explained to defendant he was conducting the search because the car was being towed and confirmed with him the items of value he inventoried in the car.

¶ 34    Our review of the record demonstrates that the alleged errors of the defendant's trial counsel would not have altered the result in this case. See *Albanese*, 104 Ill. 2d 504, 527.

¶ 35                                  III. CONCLUSION

¶ 36    For the reasons stated, we affirm the judgment of the circuit court of Kendall County.

¶ 37    Affirmed.