Argued June 19, affirmed July 9, 1970

## STATE OF OREGON, *Respondent, v.* PATRICK HENRY MURPHY, *Appellant.*

471 P2d 863

*Benhardt E. Schmidt,* Portland, argued the cause and filed the brief for appellant.

*Jacob B. Tanzer,* Solicitor General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and J. Bradford Shiley, Special Assistant to the Attorney General, Salem.

Before SCHWAB, Chief Judge, and FOLEY, and BRANCHFIELD, Judges.

SCHWAB, C.J.

Defendant was convicted upon trial by jury of illegal possession of narcotics (marihuana). He appeals, contending that his motion to suppress the marihuana seized from his person and introduced at the time of trial over his objection was improperly denied.

The essential facts are these: On March 6, 1968, the state's female witness called the defendant and asked him to help her move some of her personal effects (she and her husband were going through a divorce). During the telephone conversation she asked the defendant if he could "get hold of some grass" (marihuana) and defendant indicated that he could. For one reason or another the woman subsequently decided that she hadn't made a wise move and called a member of the police force, told him of her telephone conversation with defendant, that defendant was coming over with marihuana and that she didn't want him to come.

Two policemen came to her apartment prior to the arrival of defendant. When the defendant entered the police searched him against his will, found the marihuana in question and then released him. He was not arrested until some 10 days later.

As near as we can tell from the defendant's brief he contends that the motion to suppress should have been allowed because there was no probable cause to search him; that if there was probable cause to search, a search warrant should have been obtained; or failing

that, that he should not have been searched without first being arrested.

"Reasonable ground for suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief" constitutes probable cause to search. *State v. Keith*, 2 Or App 133, 465 P2d 724 Sup Ct *review denied* (1970). There was ample cause here.

■■ A search based on probable cause and without arrest is permissible where delay in obtaining a search warrant will likely result in the loss of evidence sought. *State v. Murphy*, 2 Or App 251, 465 P2d 900, Sup Ct *review denied, cert denied* 400 US 944, 91 S Ct 246, 27 L Ed 2d 248 (1970). Such was the case here.

> "If the police have probable cause to search the defendant and probable cause to believe it was necessary that they search him without taking the time to first obtain a search warrant, their right to search him immediately was not defeated by their failure to exercise their right to arrest him." *State v. Murphy*, supra, at 685.

Affirmed.