Argued October 26, affirmed November 16, petition for
rehearing denied December 8, 1970

## STATE OF OREGON, *Respondent, v.*
## ROGER LEE ERICKSON, *Appellant.*

476 P2d 944

*George A. Haslett, Jr.,* Portland, argued the cause
and filed the brief for appellant.

*Thomas H. Denney,* Assistant Attorney General,
Salem, argued the cause for respondent. With him on
the brief were Lee Johnson, Attorney General, and
Jacob B. Tanzer, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

SCHWAB, C. J.

This is another case in which an officer of the Narcotics Division of the Portland Police Bureau made a narcotics search and arrest in Lair Hill Park based on information supplied to him by an informant. See *State v. Diaz*, 3 Or App 498, 473 P2d 675, Sup Ct *review denied* (1970). The defendant, convicted of possession of marihuana, appeals, assigning as error the court's denial of his motion to suppress the evidence found on his person.

Officer Boggs, while at police headquarters in Portland, received a telephone call from a reliable informant who informed Boggs he had seen a person with marihuana sitting under a tree in the park. The informant gave a detailed description of the individual. Before Officer Boggs left the police station for Lair Hill Park with two other officers, he received a similar telephone call from another informant describing the same individual.

Within an hour of the receipt of the first phone call, Boggs and the other two officers proceeded to Lair Hill Park, found the described individual, searched him, found marihuana on his person, and then arrested him.

The defendant's motion to suppress was based on the grounds that (1) there was no probable cause to search, (2) the search was invalid because it was not pursuant to a warrant, and (3) the search was not incident to a lawful arrest. The first and third grounds have been decided adversely to the defendant. See

*State v. Murphy,* 3 Or App 82, 471 P2d 863 (1970);
*State v. Keith,* 2 Or App 133, 465 P2d 724, Sup Ct
*review denied* (1970); *State v. Murphy,* 2 Or App 251,
465 P2d 900, Sup Ct *review denied, cert denied* 400 US
944, 91 S Ct 246, 27 L Ed 2d 248 (1970); *McCray v.
Illinois,* 386 US 300, 87 S Ct 1056, 18 L Ed 2d 62
(1967); *Draper v. United States,* 358 US 307, 79 S Ct
329, 3 L Ed 2d 327 (1959).

With reference to his second ground, defendant
contends that a search warrant could have been ob-
tained prior to the search because the Portland magis-
trates who have the power to issue search warrants
were located in the same building Officer Boggs was in
when he received the telephone call from the informant.
The undisputed testimony of Officer Boggs was that
it would have taken him three hours to execute the
necessary documents and obtain a search warrant. A
man sitting under a tree is not necessarily going to
stay there. In *State v. Keith,* supra, we pointed out
that if police have probable cause to believe that they
must immediately search without taking the time to
seek and obtain a warrant in order to avoid the loss of
evidence, they are justified in so doing. This was such
an instance.

Affirmed.