Submitted on briefs July 19, affirmed July 27, 1972

STATE OF OREGON, *Respondent, v.* CHARLES
JAMES ELLIOTT, JR. (No. 40509), *Appellant.*

499 P2d 342

Terry K. Haenny, Salem, filed the brief for appellant.

Lee Johnson, Attorney General, John W. Osburn, Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem, filed the brief for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

SCHWAB, C. J.

Defendant appeals from a conviction for possession of marihuana, assigning as error the denial of his motion to suppress the evidence that was the basis of this charge.

While driving a pickup truck, defendant was stopped by a police officer for a traffic violation. As defendant pulled out his wallet, after being asked to produce his driver's license, a pack of cigarette papers fell to the ground. As defendant handed over his license, the officer smelled what he believed to be the odor of burned marihuana. Officer McClellan had had narcotics training that included training in the recognition of the odor of burning marihuana. The officer then searched defendant, and found a baggie of marihuana in his pants pocket.

The credible testimony of a police officer who has training in recognizing the odor of burned marihuana that he did, in fact, smell what he believed to be marihuana, coupled with having observed defendant in possession of cigarette papers, established probable cause to make this search. *See, State v. Devine,* 9 Or App 424, 496 P2d 51, Sup Ct *review denied* (1972); *State v. Hartman,* 5 Or App 156, 483 P2d 107, Sup Ct *review denied* (1971).

The cases cited by defendant are not to the contrary. In both *Chapman v. United States,* 365 US 610, 81 S Ct 776, 5 L Ed 2d 828 (1961), and *Johnson v. United States,* 333 US 10, 68 S Ct 367, 92 L Ed 436 (1948), the court at least implicitly recognized that the detection of the odor of contraband, coupled with the other circumstances of those cases, could have provided adequate grounds for the issuance of a search warrant. The searches in both cases were held in-

valid not because of an absence of probable cause, but because the police failed to obtain warrants to search the premises involved, and because no reason for an immediate warrantless search was shown in either case.

In this case, however, where the search of a person is involved, it would obviously have been impractical to obtain a warrant to search defendant without detaining him even longer than the search itself would take. *See, State v. Erickson,* 4 Or App 119, 476 P2d 944 (1970).

Affirmed.