Argued October 24, remanded for further proceedings
December 9, 1974

STATE OF OREGON, *Appellant, v.* DONALD
DUANE LAFFERTY (No. 1037 C), *Respondent,*
STATE OF OREGON, *Appellant, v.* RAMONA
LOUISE CHOATE (No. 1036-C), *Respondent.*

528 P2d 1096

*Scott McAlister,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Donald W. Chambers,* Portland, argued the cause and filed the brief for respondents.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

Defendants were separately indicted for criminal activity in drugs. ORS 167.207. Prior to trial defendants moved to suppress "the search warrant" on the ground that the affidavit was fatally defective. At the suppression hearing the state conceded that the affidavit was defective and the court by order suppressed all evidence seized through the warrant, which included nearly a pound of marihuana. The state appeals pursuant to ORS 138.060 (3).

The state contends that although the search warrant was invalid, the search was valid because the officers testified that when they went to defendants' residence to serve the warrant they smelled marihuana at the time one of the defendants opened the door. This gave the officers probable cause, the state claims, to believe that a crime was being committed in the officers' presence. The officers then, the state contends, no longer were dependent upon the search warrant but could proceed on the basis that exigent circumstances existed authorizing immediate search and seizure.

The trial court did not directly rule on the state's contention that the officers had probable cause from the smell of marihuana.[1] The court said:

"Now, also, there's been no contention until to-

---

[1] The state's contention was raised at the suppression hearing by the district attorney in a rather off-hand way at the conclusion of the suppression hearing. The district attorney said:

"* * * But something that I had forgotten until a few

day that these items that are listed and enumerated were seized under any or for any reason other than under the search warrant. And Officer Stephen testified that he did search the house by virtue of the search warrant.[②] So I am going to grant the motion to suppress in each and both of these cases."

It is not clear whether the court did not believe the officers' testimony or whether, believing it, felt that the invalid search warrant tainted the search regardless.

█ █ If, in fact, the officers were proceeding in good faith, but with a defective warrant, they were not precluded from the development of probable cause from circumstances arising independently of the warrant. *See State v. Hartman,* 5 Or App 156, 483 P2d 107 (1971). Because the trial court made no finding on the probable cause issue, we deem it proper to remand for a factual determination by the trial court as to whether there were exigent circumstances independent of the defective warrant providing probable cause for the search and seizure.

Remanded for further proceedings.

---

days ago when we had the motion to produce in this court was the fact that both officers, when they did arrive at the residence and knocked upon the door, they certainly had a right to be there and when the individual did open the door, one of the defendants, they could smell the odor of marijuana. And so, for this reason, even though the affidavit may be defective I feel that the result and [resultant] search pursuant to the probable cause that was delivered to their sense of smell would be then all right."

② The return of search warrant, signed by the searching officer, listing the items seized (which includes the 34 baggies of marihuana) states that the items were seized "pursuant to warrant."