Argued November 21, reversed and remanded December 8, 1975

STATE OF OREGON, *Appellant, v.* EDWARD
DONALD CROSS (No. 75-2657, CA 5007),
*Respondent.*

543 P2d 48

*Donald L. Paillette,* Assistant Attorney General,
Salem, argued the cause for appellant. With him on
the brief were Lee Johnson, Attorney General, and W.
Michael Gillette, Solicitor General, Salem.

*Larry A. Brown,* Eugene, argued the cause for respondent. With him on the brief were Flinn, Lake & Brown, Eugene.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FORT, J.

Indicted for unlawful possession of cocaine, ORS 167.207, defendant filed a motion to suppress evidence obtained pursuant to a warrantless search of his person and clothing. Following a hearing the trial court allowed the motion, and the state appeals. ORS 138.-060(3).

A police officer had been called to a local shopping area parking lot during daylight hours relating to a dispute that arose concerning damage by a vehicle to a light pole. The defendant, though not involved in the accident, was present there at the request of the driver of the involved vehicle, who was his girl friend.

While talking face-to-face with the girl and the defendant for a substantial period, the officer concluded that he smelled a light-to-medium odor of marihuana emanating from the defendant. During the conversation the defendant had removed two jackets he had been wearing, folded them and placed them upon the seat of his motorcycle. The officer told the defendant of his suspicions and the defendant told him that what he probably smelled was patchouli oil which he had previously put upon his person that day. The officer told him, "No, I recognize both smells." Thereafter he searched the folded jackets, finding 13 handrolled marihuana cigarettes in one of the pockets. He then searched the defendant and found in a trouser pocket a vial containing a white powder

which, apparently believing it contraband, he had subjected to laboratory testing, as a result of which it was identified as cocaine and defendant was indicted for its possession. At the scene the officer advised the defendant he was going to issue a citation for possession of less than an ounce of marihuana, and they proceeded to the police station for this purpose.

The trial court found:

"* * * Well, the Court does find that Officer Wilson did smell marijuana smoke or what appeared to him to have been—marijuana that had been burning, the aftermath of smoke. * * * The Court further finds that the odor was faint, that Officer Wilson testified that it could have been smoked an hour or it could have been—the smoke that he smelled could have been burned an hour or even maybe a day before, I think the testimony went that far. The night before in any event. * * *"

The court also found, however, that

"* * * there was no evidence based upon the smell that Mr. Wilson had that there was any unburned marijuana on the person of Mr. Cross. * * *"

Since the court found that the officer did smell what as an experienced police officer trained in its observation and detection he reasonably believed to be marihuana, we think the officer had probable cause to search the jackets he had just observed the defendant take off and place on his motorcycle seat. Upon the discovery of the marihuana cigarettes he also had the right to search the defendant, and thus his discovery and seizure of the vial containing the cocaine were valid. At the time of the search and arrest, therefore, the officer had sufficient cause to believe that a crime was being committed in his presence to authorize the search.

In *State v. Elliott,* 10 Or App 191, 499 P2d 342 (1972), this court said:

"* * * As defendant handed over his license, the officer smelled what he believed to be the odor of burned marihuana. Officer McClellan had had narcotics training that included training in the recognition of the odor of burning marihuana. The officer then searched defendant, and found a baggie of marihuana in his pants pocket.

"The credible testimony of a police officer who has training in recognizing the odor of burned marihuana that he did, in fact, smell what he believed to be marihuana, coupled with having observed defendant in possession of cigarette papers, established probable cause to make this search. [Citations omitted.]" 10 Or App at 192.

In *State v. Lafferty,* 19 Or App 643, 528 P2d 1096 (1974), we also recognized that the smell of marihuana by a trained officer can itself furnish probable cause to search a person for such contraband. We note here defendant was already present in connection with the very matter which the officer had been called to investigate. *See also: State v. Hartman,* 5 Or App 156, 483 P2d 107, Sup Ct *review denied* (1971); *Terry v. Ohio,* 392 US 1, 16, 88 S Ct 1868, 20 L Ed 2d 889 (1968); *State v. Evans,* 16 Or App 189, 517 P2d 1225, Sup Ct *review denied* (1974).

In view of the court's express finding here concerning the fact that the officer did smell the odor of marihuana emanating from the clothing and person of the defendant at the time of the search, we conclude that he had probable cause to make the search and that the motion to suppress the evidence thereby obtained should not have been allowed.

Reversed and remanded.