Argued April 25, reversed and remanded May 16, 1977

STATE OF OREGON, *Appellant,*
*v.*
EDDY ALLEN WALLACE, *Respondent.*
(No. 76 5346, CA 7372)
563 P2d 1237

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Gary L. Hooper, Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

THORNTON, J.

## THORNTON, J.

The issue presented in this appeal is whether the trial court erred in allowing defendant's motion to suppress a quantity of hashish seized from the defendant's person at the time of his arrest.

The essential facts are as follows:

On the evening of September 28, 1976, the manager of a Eugene theater received a complaint from an unidentified patron that some young persons were smoking marihuana and drinking beer in the audience portion of the theater. The patron insisted that the manager call the police. After telephoning the police the manager went back to the lobby and was informed by the complaining patron that the individuals involved were in the theater's restroom. The manager waited for them and was talking with them when Officer Guy of the city police arrived. The manager told the officer that a patron had complained that the three young men, one of whom was later identified as the defendant, had been drinking beer and smoking marihuana inside the theater. The officer then started talking with the three suspects and asked them if they had any marihuana on them. The response from each of them was, "No."

As the officer talked to defendant he smelled a strong odor of burned marihuana, but could not determine whether it came from defendant particularly because the odor seemed to emanate from all three persons. The officer testified that he could see a "little lump" in the defendant's pocket and he asked defendant what was in the pocket. The defendant answered, "Nothing." The officer then reached into the pocket and extracted a small plastic bag which he believed to contain marihuana because of the type of package but which was ascertained later to be hashish. When the officer extracted the plastic bag, defendant pushed him backward and an altercation ensued which was not abated until a second officer arrived and helped

[ 431 ]

subdue defendant. After defendant was booked a small quantity of marihuana was found on his person.

The state's evidence established that the arresting officer was trained and experienced in drug enforcement, including the recognition of the smell of burned marihuana.

The trial court suppressed the seized hashish because:

"6. The Court finds that the officer could have investigated further; he could have told * * * [defendant] to sit down and could have inquired further.

"7. Upon the facts available to the officer, considering the time, the place and the information which he had, the acts of reaching into * * * [defendant's] pocket and of attempting to take and/or taking something out of that pocket were unreasonable and precipitous.

"8. The State of Oregon failed to produce evidence of the officer's probable cause to conduct a warrantless search in these circumstances."

We conclude that it was error to suppress the seized hashish and prohibit its introduction as evidence. In *State v. Cross,* 23 Or App 536, 543 P2d 48 (1975), we indicated that when a police officer smells "what as an experienced police officer trained in its observation and detection he reasonably believed to be marihuana, .we think the officer had probable cause to search." 23 Or App at 538. Similarly in *State v. Elliott,* 10 Or App 191, 499 P2d 342 (1972), we held that the distinctive odor of marihuana emanating from defendant coupled with corroborative circumstances establishes probable cause to search. *See also, State v. Lafferty,* 19 Or App 643, 528 P2d 1096 (1974).

Defendant argues that the citizen's complaint in this case was hearsay and that the officer should have confirmed the report of marihuana smoking in the theater by defendant by questioning the complaining citizen. Defendant cites *State v. Branch,* 13 Or App 248, 508 P2d 254 (1973), for the proposition that although hearsay may be used as a basis for probable

cause, it is not a substitute where more direct evidence is available. Even if we agreed that the hearsay complaint in and of itself would not provide probable cause to search without further inquiry under circumstances, as here, indicating greater exigency than was present in *Branch,* the hearsay complaint in this case is sufficient as corroboration of a more decisive element of circumstance establishing probable cause to search: the marihuana odor.

Reversed and remanded.