Argued and submitted October 15, reversed and
remanded for trial November 26, 1979

# STATE OF OREGON,
## *Appellant,*
### *v.*
# BENNIE JO WATSON,
## *Respondent.*

(No. DA162656-7901, CA 14926)

602 P2d 1098

Virginia L. Linder, Certified Law Student, Salem, argued the cause for appellant. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

No appearance for respondent.

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

TANZER, P. J.

**TANZER, P. J.**

The defendant is charged with violation of ORS 75.992, possession of a controlled substance, and ORS 66.250, unlawful possession of a weapon. The trial court ordered the suppression of the marijuana and pistol seized by the arresting officers and the state appeals.

The events leading up to his arrest and the seizure of the marijuana and weapon are not disputed. On January 11, 1979, two Portland police officers stopped defendant's automobile because his license plate was bent under the bumper so that it was impossible to see the validation sticker from a usual vantage. One officer went to the driver's side of the car and asked the defendant for his operator's license and vehicle registration. The other officer stood at the passenger side, looking in. From their positions outside the vehicle, both officers noticed a marijuana cigarette and two roach clips in the front ashtray. They requested and received consent to search the car and defendant's person for more marijuana. In the course of searching the defendant, the officers found a pistol in his coat pocket.

The district court ordered the suppression of the marijuana and pistol, basing its ruling on ORS 131.615, which provides in pertinent part:

"(1) A peace officer who reasonably suspects that a person has committed a crime may stop the person and, after informing the person that he is a peace officer, make a reasonable inquiry.

"* * * * *

"(3) The inquiry shall be considered reasonable only if limited to the immediate circumstances that aroused the officer's suspicion."

He noted that the officers had not suspected defendant of a crime and held that the stop was not authorized by the statute. Further, he held that even if the stop were permissible, the police action was impermissibly intrusive because the officers did not limit their inquiry to

the circumstance that prompted the stop, *i.e.,* to looking under the bumper at the license plate.

We conclude, however, that the officers properly stopped the defendant for a traffic infraction, pursuant to ORS 484.350(4):

> "A police officer may exercise the authority granted by ORS 133.310 and 484.100 to arrest an individual for a traffic infraction."

The authority to arrest or to issue a traffic citation includes as a necessary part the authority to stop. *State v. Tucker,* 286 Or 485, 595 P2d 1364 (1979). Failing to display a validation sticker is a traffic infraction[1] and, therefore, the police had cause to stop the defendant to issue a citation. Having made a lawful stop, the officers were entitled to approach the defendant and request production of his operator's license and vehicle registration. *State v. Brister,* 34 Or App 575, 579 P2d 863 *rev den* (1978); *see also Delaware v. Prouse,* 440 US 648, 99 S Ct 1391, 59 L Ed 2d 660, 671 (1979).

The marijuana, being in plain view of the officers from their lawful vantage outside the vehicle, was properly seized. *State v. Riley,* 240 Or 521, 402 P2d 741 (1965). The pistol was also properly seized being found during the search of defendant's person prompted by the discovery of the marijuana. *State v. Cross,* 23 Or App 536, 543 P2d 48 (1975). The officers also testified that the defendant had consented to the search of his person.

We conclude, therefore, that the marijuana and pistol were obtained pursuant to a lawful stop, search and seizure and the order of suppression was erroneous.

Reversed and remanded for trial.

---

[1] ORS 481.255 requires the conspicuous display of license plates in plain view and so as to be read easily by the public. ORS 481.265 authorizes the Motor Vehicle Division to issue validation stickers to be displayed as the division directs.