2022 IL App (3d) 210098

Opinion filed September 19, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
|---|---|---|
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) ) | Appeal No. 3-21-0098 Circuit No. 20-CM-816 |
| DELANTE L. STRIBLING, | ) ) | Honorable Matthew Bertani, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion.
Justices Hettel and Peterson concurred in the judgment and opinion.

_____

**OPINION**

¶ 1　　The circuit court granted the motion to suppress filed by the defendant, Delante L. Stribling. The State filed a certificate of impairment and appeals, arguing that the legalization of the possession of a small quantity of marijuana has not changed the rule that the odor of burnt cannabis emanating from a vehicle provides an officer probable cause to search the vehicle.

¶ 2　　　　　　　　　　　　　I. BACKGROUND

¶ 3　　The defendant was charged by information with unlawful use of a weapon (720 ILCS 5/24-1(a)(4) (West 2020)), in that he "knowingly possessed in a white SUV a pistol, to wit: a .40 Smith and Wesson at a time when he was not on his land, or in his own abode, legal dwelling, or fixed

place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission."

¶ 4    The defendant filed a motion to suppress. Based on the recent legalization of the possession of cannabis, the defendant alleged that the odor of cannabis should be insufficient probable cause to search a vehicle. A hearing on the motion was held on January 29, 2021. The parties stipulated that the arresting deputy would testify to the following: (1) on May 9, 2020, at 3:57 a.m., the officer observed the defendant violating various traffic laws at a specified location and executed a traffic stop; (2) the officer approached the defendant's vehicle, and when the defendant opened his window, the officer could detect a strong odor of burnt cannabis emitting from inside the vehicle; (3) the defendant told the officer that someone had smoked inside the vehicle a "a long time ago"; and (4) based on these observations and admissions, the officer searched the vehicle. This stipulation was the only evidence presented.

¶ 5    The defense argued that, since the legalization of cannabis, it should be treated the same as alcohol, which requires more than just the odor of an alcoholic beverage for probable cause to search a vehicle The defense noted that the odor of burnt cannabis can linger and "sit on somebody," and there was no smoke or other evidence to suggest that cannabis would be in the vehicle. Moreover, the officer did not deploy a canine, discuss the defendant's impairment, or do any field sobriety testing. The State argued that the supreme court case of *People v. Stout*, 106 Ill. 2d 77 (1985), which found that the odor of burnt cannabis alone was enough to search the vehicle, was still controlling caselaw. The State said that, since it is illegal to smoke cannabis within a vehicle on a highway, the smell of burnt cannabis provides probable cause to search the vehicle.

¶ 6    The court took the matter under advisement and issued a written order. The court granted the motion to suppress, finding "that the Officer lacked probable cause to search the vehicle under

2

the automobile exception given the specific facts of this case—the strong odor of burnt cannabis and the admission that someone had smoked marijuana in the car some time ago." The court stated that it was unnecessary to resolve the issue of whether the odor of cannabis alone—burnt or raw— can ever establish probable cause to search under the automobile exception. The State filed a certificate of substantial impairment and appealed.

¶ 7                                    II. ANALYSIS

¶ 8        On appeal, the State argues that the court erred in granting the motion to suppress as the supreme court's decision in *Stout* remains good law and, thus, the odor of burnt cannabis emanating from a vehicle provided probable cause for a warrantless search of the vehicle.

¶ 9        Generally, when considering a ruling on a motion to suppress, we use a two-part standard of review: reversing the court's factual findings only if they are against the manifest weight of the evidence but reviewing *de novo* the ultimate ruling on the suppression. *People v. Hill*, 2020 IL 124595, ¶ 14. However, where, as here, the facts were uncontroverted, the case presents a question of law that we review *de novo*. *People v. Krueger*, 175 Ill. 2d 60, 64 (1996).

¶ 10        The fourth amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause." U.S. Const., amend. IV. A search without a warrant is presumptively unreasonable, subject to certain limited exceptions. *United States v. Karo*, 468 U.S. 705, 717 (1984). One such exception is the "automobile exception." See *Carroll v. United States*, 267 U.S. 132, 154 (1925). Under this exception, a warrantless search of a vehicle is not *per se* unreasonable as the transient nature of vehicles renders it unfeasible to secure a warrant before the vehicle leaves the jurisdiction, with the potential evidence of a crime or contraband in tow. *California v. Acevedo*, 500 U.S. 565, 569 (1991). Therefore, an immediate

3

intrusion of a vehicle is allowed so long as the officer has probable cause to search the vehicle. *Carroll*, 267 U.S. at 154. Probable cause exists where the facts and circumstances known to the officer at the time would warrant a reasonable person to believe there is a reasonable probability that the automobile contains contraband or evidence of criminal activity. *Hill*, 2020 IL 124595, ¶ 23. The officer may rely on their training and experience; therefore, a reviewing court determines whether probable cause existed "through the standpoint of an objectively reasonable officer." *Id.* Probable cause "requires only that the facts available to the officer—including the plausibility of an innocent explanation—would warrant a reasonable [person] to believe there is a reasonable probability 'that certain items may be contraband or stolen property or useful as evidence of a crime.' " *Id.* ¶ 24 (quoting *Texas v. Brown*, 460 U.S. 730, 742 (1983)).

¶ 11 Here, the parties' arguments regarding the officer's probable cause to search the vehicle based on the odor of burnt cannabis, hinge on the changing landscape of cannabis law, which we will now consider.

¶ 12 A. In the Weeds of Cannabis Law

¶ 13 1. All Cannabis Is Illegal

¶ 14 Illinois first criminalized marijuana use and possession in 1931, classifying it as a narcotic under the Narcotic Drug Control Law (Ill. Rev. Stat. 1931, ch. 38, ¶ 22-1 *et seq.*). Pamela Platt, *Legislative Note- Legal Analysis of Marijuana Legislation in Illinois*, 22 DePaul L. Rev. 277, 278-79 (1972). The Cannabis Control Act (Act) (Ill. Rev. Stat. 1977, ch. 56½, ¶ 701 *et seq.*(now codified at 720 ILCS 550/1 *et seq.*)) was then passed in 1978, setting forth the paradigm and penalties for cannabis-related offenses. Moreover, any concentration of cannabis in a person's blood or urine while they were operating a motor vehicle was enough to warrant a charge of driving under the influence of drugs. See 625 ILCS 5/11-501.2 (West 1994).

4

¶ 15 Consistent with the illegal nature of cannabis, our supreme court in *Stout* determined that, when a trained and experienced police officer detects the odor of cannabis emanating from a defendant's vehicle, the odor alone provided sufficient enough probable cause to search the vehicle under the automobile exception. *Stout*, 106 Ill. 2d at 88. No additional corroborating evidence was necessary. *Id.* After *Stout*, Illinois courts continued to recognize that the smell of burnt or raw cannabis emanating from a vehicle provides probable cause to search the vehicle, if detected by an officer familiar with and trained in the detection of controlled substances. See *People v. Rice*, 2019 IL App (3d) 170134; *People v. Smith*, 2012 IL App (2d) 120307; *People v. Sims*, 2022 IL App (2d) 200391.[1]

¶ 16                                   2. Medical Use and Decriminalization

¶ 17 The state of the law on cannabis began to change in 2013, when the Compassionate Use of Medical Cannabis Pilot Program Act[2] was passed (410 ILCS 130/1 *et seq.* (West 2014)), which allowed those with certain debilitating medical conditions to purchase and possess cannabis. Then, in 2016, Public Act 99-697 began to decriminalize cannabis. Pub. Act 99-697, § 40 (eff. July 29, 2016) (amending 720 ILCS 550/4). Previously under the Act, possessing below 2.5 grams of cannabis was a Class C misdemeanor, 2.5 grams to 10 grams was a Class B misdemeanor, and 10 to 30 grams was a Class A misdemeanor. 720 ILCS 550/4 (West 2014). Under the new law, possession below 10 grams of cannabis was only a civil violation punishable by a fine. 720 ILCS 550/4 (West 2016). Stated another way, an individual would no longer face any jail time for possessing less than 10 grams of cannabis. Moreover, possession of 10 to 30 grams of cannabis was a Class B misdemeanor and possession of 30 to 100 grams was a Class A misdemeanor. *Id.*

---

[1]Each of these cases concerned prelegalization fact patterns.
[2]This statute was originally titled the "Compassionate Use of Medical Cannabis Pilot Program Act," but the word "pilot" was removed in 2019. Pub. Act 101-363, § 55 (eff. Aug. 9, 2019) (amending 410 ILCS 130/1).

The felony classifications for larger possessions also changed. See *id.* Public Act 99-697 likewise carved out a cannabis limit for driving under the influence. See Pub. Act 99-697, § 20 (eff. July 29, 2016) (amending 625 ILCS 5/11-501.2). While prior to the enactment of Public Act 99-697, any amount of cannabis in a person's blood or urine was enough to warrant a charge of driving under the influence of drugs, a threshold amount of at least 5 nanograms of delta-9-tetrahydrocannabinol per milliliter of blood or 10 nanograms per milliliter of urine within two hours of driving or being in actual physical control of a vehicle is sufficient to sustain a charge of driving under the influence of drugs. 625 ILCS 5/11-501.2(a) (West 2016).

¶ 18     The supreme court again had the opportunity to consider cannabis and the automobile exception in *Hill*, 2020 IL 124595. In *Hill*, an officer pulled over the defendant's vehicle "based on his reasonable belief that the passenger was a known fugitive." *Id.* ¶ 5. The defendant failed to pull over for a few blocks, which the officer stated, based on his experience and training, often meant that the occupants were concealing or destroying contraband or producing a weapon. *Id.* The officer approached the vehicle, and when the vehicle's window was rolled down, the officer smelled a strong odor of raw cannabis. *Id.* The defendant denied having any or recently smoking cannabis. *Id.* ¶ 9. The officer looked through the window in the back seat and saw " 'a bud.' "[3] *Id.* ¶ 10. The officer executed a search of the vehicle and discovered a small amount of cannabis and a small rock that tested positive for crack cocaine. *Id.* ¶ 7. The defendant filed a motion to suppress, which the circuit court granted, and the State appealed. *Id.* ¶ 11. The appellate court reversed, finding that the smell of cannabis established probable cause to search. *Id.* ¶ 12.

---

[3]"The 'bud' is the ingestible end-product of the cannabis growing cycle." Joseph D. Summer, *Patenting Marijuana Strains: Baking Up Patent Protection for Growers in the Legal Fog of this Budding Industry*, 23 J. Intell. Prop. L. 169, 178 (2015).

¶ 19    Before the supreme court, the defendant argued that "the legalization of medical cannabis and decriminalization of small amounts of cannabis altered the police's power to conduct a warrantless search of a vehicle solely based on the odor of raw cannabis." *Id.* ¶ 15. While the court agreed that the Act "somewhat altered the status of cannabis as contraband" (*id.* ¶ 26), "the United States Supreme Court clearly equated 'contraband' with illegality rather than unlawful acts subject to criminal penalties" (*id.* ¶ 28 (citing *Carroll*, 267 U.S. 132)). The court noted that decriminalization is not the same as legalization and, as it remained unlawful to possess cannabis, it remained contraband. *Id.* ¶ 29. "To hold otherwise leads to the absurd conclusion that persons could have a legitimate privacy interest in an item that remains illegal to possess." *Id.*

¶ 20    The court agreed with the defendant's argument that, based on the legalization of medical marijuana, cannabis is no longer contraband in every instance. *Id.* ¶ 32. However, the court noted that medical marijuana users were required to possess and use cannabis in accordance with the Act, which required that, when transporting medical cannabis in a vehicle, it must be in a sealed, tamper-evident container. *Id.* ¶ 34 (citing 625 ILCS 5/11-502.1(b), (c) (West 2016)). The court found that the officer had probable cause to search the defendant's vehicle as the officer testified that (1) his training and experience indicated that the passengers in the car were hiding contraband or retrieving a weapon when the defendant delayed pulling over and (2) he "saw a loose 'bud' in the back seat and smelled a strong odor of cannabis, which, together, indicate[d] that cannabis was in the car and, likely, not properly contained." *Id.* ¶ 35.

¶ 21    Further, the court noted that this analysis comported with the court's treatment of alcohol, which is lawful in some circumstances but remains unlawful under other circumstances (such as the possession of an open container of alcohol in a vehicle or possession by a person under 21 years old). *Id.* ¶ 36. The court found the circumstances similar to *People v. Smith*, 95 Ill. 2d 412

7

(1983), where the officer had probable cause to search the vehicle where he smelled an alcoholic beverage and observed a bottle in a brown paper bag in the vehicle. *Hill*, 2020 IL 124595, ¶ 36. Based on the corroborating evidence available to the officer, the court determined that it "need not address the validity of *Stout* after the enactment of the Compassionate Use of Medical Cannabis *** Program Act *** and decriminalization of possession of small amounts of cannabis." *Id.* ¶ 18. The court stated that, though it did not reach the question of whether the odor of cannabis, alone, was enough to establish probable cause, "the smell and presence of cannabis undoubtedly remains a factor in a probable cause determination." *Id.* ¶ 18 n.2 (citing *District of Columbia v. Wesby*, 583 U.S. ___, ___, 138 S. Ct. 577, 588 (2018) ("[T]he relevant inquiry is not whether particular conduct is 'innocent' or 'guilty,' but the degree of suspicion that attaches to particular types of noncriminal acts. [Citation.] Thus, the panel majority should have asked whether a reasonable officer could conclude—considering all of the surrounding circumstances, including the plausibility of the [innocent] explanation itself—that there was a 'substantial chance of criminal activity.' " (Internal quotation marks omitted.))).

¶ 22                             3. Legalization of Recreational Use

¶ 23        Since *Hill*, Illinois became the eleventh state to legalize marijuana for adult, recreational use. As of January 1, 2020, under the Cannabis Regulation and Tax Act (410 ILCS 705/1-1 *et seq.* (West 2020)), an Illinois resident 21 years of age or older may possess up to and including 30 grams of cannabis, up to 500 milligrams of tetrahydrocannabinol (THC) in a cannabis-infused product, and 5 grams of cannabis concentrate. *Id.* § 10-10. Possession of more than these quantities and delivery of any amount remains illegal and subject to the penalties previously set. 720 ILCS 550/4(a), (b) (West 2020). Cannabis may not be possessed in a vehicle unless it is in a "reasonably secured, sealed container and reasonably inaccessible while the vehicle is moving." 410 ILCS

8

705/10-35(a)(2)(D) (West 2020). Moreover, a person may not use cannabis while in a vehicle (*id.* § 10-35(a)(3)(D)) or drive a vehicle if the person has, within two hours of driving or being in actual physical control of a vehicle, a THC concentration in their blood or urine of either 5 nanograms or more of delta-9-THC per milliliter of whole blood or 10 nanograms or more of delta-9-THC per milliliter of other bodily substance (*id.* § 10-35(a)(5); 625 ILCS 5/11-501(a)(7) (West 2020); 625 ILCS 5/11-501.2(a) (West 2020)). The cannabis concentration limitations on driving do not apply if the person is a licensed patient under the Compassionate Use of Medical Cannabis Program Act. 625 ILCS 5/11-501(a)(7) (West 2020). In that case, the licensed patient may not drive a vehicle if impaired by the use of cannabis. *Id.*

¶ 24    Since the legalization of recreational cannabis in Illinois, neither the supreme court nor the appellate court has considered whether the enactment of this law has changed the probable cause determination for cannabis. However, at this point 18 other states,[4] plus Washington, D.C., and Guam, have legalized recreational marijuana use, and some of those jurisdictions have had the opportunity to consider probable cause to search since this legalization.[5] For example, Colorado

---

[4]These states are, in order of legalization: Colorado, Washington, Alaska, Oregon, California, Maine, Massachusetts, Nevada, Michigan, Vermont, Arizona, Montana, New Jersey, New York, Virginia, New Mexico, Connecticut, and Rhode Island. Claire Hansen, Horus Alas, and Elliott Davis Jr., *Where is Marijuana Legal? A Guide to Marijuana Legalization*, U.S. News & World Report (July 27, 2022), https://www.usnews.com/news/best-states/articles/where-is-marijuana-legal-a-guide-to-marijuana-legalization [https://perma.cc/C4WG-CS8F].

[5]We note that the State cites a series of cases from out-of-state jurisdictions that it says hold that the odor of burnt cannabis alone is sufficient to establish probable cause. However, we find that these cases are not relevant here as they come from states that either have not legalized recreational marijuana or were decided before cannabis was legalized in the state. See *State v. Sarria*, 97 So. 3d 282 (Fla. Dist. Ct. App. 2012) (Florida has not legalized recreational cannabis); *State v. Secrist*, 589 N.W.2d 387 (Wis. 1999) (Wisconsin has not legalized recreational cannabis); *State v. Harrison*, 533 P.2d 1143 (Ariz. 1975) (Arizona did not legalize recreational cannabis until 2020); *State v. Cross*, 543 P.2d 48 (Or. Ct. App. 1975) (Oregon did not legalize recreational cannabis until 2016); *State v. Lafferty*, 528 P.2d 1096 (Or. Ct. App. 1974) (same); *State v. Judge*, 645 A.2d 1224 (N.J. Super. Ct. App. Div. 1994) (New Jersey did not legalize recreational cannabis until 2020); *State v. MacDonald*, 856 P.2d 116 (Kan. 1993) (Kansas has not legalized recreational cannabis). As Illinois already has a paradigm for a probable cause determination before cannabis was legalized, it is not necessary to look to these other jurisdictions for their answer to the same

9

has found that "the odor of marijuana is relevant to the totality of the circumstances test and can contribute to a probable cause determination." *People v. Zuniga*, 2016 CO 52, ¶ 23 (finding probable cause to search a vehicle where the defendant and the driver of the car were inconsistent in their stories, the defendant and the driver appeared extremely nervous, the officer smelled a heavy odor of raw marijuana, and the K-9 alerted on the vehicle). However, Colorado has further determined that, because a drug-sniffing dog's alert may signal only lawful activity (the possession of a small amount of cannabis), officers must have probable cause based on more than that smell to believe the vehicle contains drugs in contravention of state law before deploying a K-9. *People v. McKnight*, 2019 CO 36, ¶ 7.

¶ 25                    B. Probable Cause to Search the Defendant's Vehicle

¶ 26        Having set forth the changing landscape of cannabis law and its relation to probable cause to search a vehicle, we now consider whether the officer, on the facts before us, had probable cause to search the defendant's vehicle.

¶ 27        As stated above, the State and the defendant stipulated to a short recitation of facts: (1) on May 9, 2020, the officer executed a traffic stop after the defendant disobeyed traffic laws; (2) the officer approached the defendant's vehicle and smelled a strong odor of burnt cannabis emitting from inside the vehicle; (3) the defendant told the officer that someone had smoked inside the vehicle "a long time ago"; and (4) based on these observations and admissions, the officer searched the vehicle.

¶ 28        We find that the factual scenario, as presented in this stipulation, did not provide the officer with probable cause to search the vehicle. The smell of burnt cannabis, alone, coupled with the defendant's statement that someone (he did not state that it was himself) had smoked in the vehicle

---

question. For this same reason, we also reject the reliance on those cases cited by the defendant that concern out-of-state jurisdictions that have not legalized cannabis or concern prelegalization fact patterns.

10

"a long time ago," was not enough for "a reasonable officer [to] conclude—considering all of the surrounding circumstances, including the plausibility of the [innocent] explanation itself—that there was a 'substantial chance of criminal activity.' " *Wesby*, 583 U.S. at ___, 138 S. Ct. at 588. It was legal for the defendant to possess some cannabis. It was also legal for the defendant to have smoked cannabis and then drive, so long as the concentration in his blood or urine did not pass the threshold amount. The evidence presented does not show that the officer had any concerns with the defendant's blood concentration or any impaired driving. We note that the stipulation does not state which traffic violation the defendant committed. A traffic violation, in and of itself, is not necessarily indicative of impairment. See *Chubb/Home Insurance Cos. v. Outboard Marine Corp.*, 238 Ill. App. 3d 558, 571 (1992) ("merely driving at excessive speeds or the mere fact of involvement in an accident are not necessarily indicative of impairment"). There was no reason for the officer to think that the defendant was currently smoking cannabis in the car—there was no indication that there was smoke in the car, nor did the officer see any marijuana or drug paraphernalia, nor did the defendant's demeanor show that he was hiding anything. Moreover, the smell of burnt cannabis may have lingered in the defendant's car or on his clothing. Simply put, there was no evidence that would lead a reasonable officer to conclude that there was a substantial chance of criminal activity afoot.

¶ 29       We hold that the smell of the burnt cannabis, without any corroborating factors, is not enough to establish probable cause to search the vehicle, and the court did not err in granting the motion to suppress. This finding comports with the supreme court's holding in *Hill* and its treatment of the analogous situation regarding alcohol. *Supra* ¶ 21. Thus, the supreme court's holding in *Stout* is no longer applicable to postlegalization fact patterns.

¶ 30                                      III. CONCLUSION

11

¶ 31     The judgment of the circuit court of Will County is affirmed.

¶ 32     Affirmed.

*People v. Stribling*, 2022 IL App (3d) 210098

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Will County, No. 20-CM-816; the Hon. Matthew Bertani, Judge, presiding. |
| **Attorneys for Appellant:** | James W. Glasgow, State's Attorney, of Joliet (Patrick Delfino, Thomas D. Arado, and Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| **Attorneys for Appellee:** | James E. Chadd, Thomas A. Karalis, and Santiago A. Durango, of State Appellate Defender's Office, of Ottawa, for appellee. |