2021 IL App (4th) 180819
IN THE APPELLATE COURT
FOURTH DISTRICT

FILED
January 26, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| SHARRIEFF ROWELL, | ) | No. 17CF51 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jennifer H. Bauknecht, |
| | ) | Judge Presiding. |

JUSTICE STEIGMANN delivered the judgment of the court, with opinion.
Presiding Justice Knecht and Justice Turner concurred in the judgment and opinion.

**OPINION**

¶ 1    In February 2017, the State charged defendant, Sharrieff Rowell, with one count each of identity theft (720 ILCS 5/16-30(a)(3) (West 2016)), possession of incomplete card (*id.* § 17-42), and altered or counterfeited card (*id.* § 17-41(a)). The charges generally alleged that defendant possessed blank and altered debit cards and another person's social security number with the intent to use it to commit a felony.

¶ 2    In August 2018, the trial court conducted defendant's bench trial, at which Illinois State Police Trooper Timothy Price testified that he stopped defendant for driving 115 miles per hour in a 70-mile-per-hour zone on Interstate 55. Price placed defendant under arrest for speeding. Because Price smelled cannabis in defendant's vehicle, he and two other officers searched it. Their search included two bags in the vehicle's passenger compartment and its trunk. As a result of that search, the officers discovered multiple pieces of physical evidence that were used to charge

defendant with the previously described crimes. The officers found no cannabis or other drugs.

¶ 3        The trial court found defendant guilty of all counts and later sentenced him to prison for concurrent terms of 2½ years, 2½ years, and 2 years.

¶ 4        Defendant appeals, arguing only that his trial attorney provided ineffective assistance of counsel because he failed to move to suppress the evidence obtained from defendant's vehicle. Defendant contends that (1) the odor of cannabis did not justify the search or, in the alternative, (2) even if the officers had justification to investigate the smell, they did not have justification to search the trunk and bags. We disagree and affirm the trial court.

¶ 5                              I. BACKGROUND

¶ 6        Because the only matter at issue is whether defendant's counsel should have filed a motion to suppress evidence, we will discuss only the information relevant to that issue.

¶ 7                              A. The Charges

¶ 8        In February 2017, the State charged defendant with one count each of identity theft (*id.* § 16-30(a)(3)), possession of incomplete card (*id.* § 17-42), and altered or counterfeited card (*id.* § 17-41(a)). The charges generally alleged that defendant possessed blank and altered debit cards and another person's social security number with the intent to use it to commit a felony.

¶ 9                              B. The Trial

¶ 10        In August 2018, the trial court conducted defendant's bench trial. Price testified that in February 2017, he stopped defendant for driving 115 miles per hour in a 70-mile-per-hour zone on Interstate 55. The court granted the State's motion to admit into evidence a video recording from the dashboard camera of Price's squad car that showed the stop.

¶ 11        The video showed that shortly after stopping the vehicle, Price placed defendant under arrest for speeding and Price told defendant that Price "smelled weed." Price also said he

believed that "gives us probable cause to search." Two other officers arrived and searched defendant's vehicle, including the trunk and "a green bag which contained a Crown Royal bag inside of it as well as a black bag." The "green bag was located in the front seat area. *** [T]he black bag was located in the rear, behind the driver's side." From that search, the officers discovered (1) a credit card with defendant's name and a billing statement for that card and (2) inside the black bag, unaltered debit cards, blank cards, a template for making engravings on cards, and handwritten notes of names and social security numbers. The officers also found inside the trunk a Western Union debit card and two credit cards bearing defendant's name. The officers did not find any cannabis or other drugs.

¶ 12　　　In summary, Illinois State Police Special Agent Daniel Rossiter testified that the Western Union debit card was altered and some of the other cards did not contain a balance. The parties stipulated that (1) one of the social security numbers that the officers discovered in the vehicle belonged to a man who was not defendant and (2) an address for one of the cards belonged to a man who did not apply for the card.

¶ 13　　　Defendant testified in his own defense and explained that he owns businesses and a friend, who had since died, gave him the cards to help pay for business expenses. Defendant explained that all of contents of the bags belonged to that friend.

¶ 14　　　The trial court found defendant guilty of all counts and later sentenced him as earlier stated.

¶ 15　　　This appeal followed.

¶ 16　　　　　　　　　　　　II. ANALYSIS

¶ 17　　　Defendant appeals, arguing only that his trial attorney provided ineffective assistance of counsel because he failed to move to suppress the evidence obtained from defendant's

vehicle. Defendant contends that (1) the odor of cannabis did not justify the search or, in the alternative, (2) even if the officers had justification to investigate the smell, they did not have justification to search the trunk and bags. We affirm the trial court.

¶ 18   We disagree with defendant's arguments because (1) the law at the time of the search clearly allowed the police to search based upon the odor of cannabis alone and (2) the trial court record provides no basis to conclude that counsel was ineffective for not filing a motion to suppress.

¶ 19   A. General Legal Principles Regarding Defendant's Claim of Ineffective Assistance of Counsel

¶ 20   1. *Ineffective Assistance of Counsel*

¶ 21   All defendants enjoy the constitutional right to effective assistance of counsel. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8. "To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defendant." (Internal quotation marks omitted.) *People v. Williams*, 2020 IL App (4th) 180554, ¶ 79. However, "[a] court will not find that defense counsel was ineffective for failing to file a meritless motion to suppress." *People v. McIntosh*, 2020 IL App (5th) 170068, ¶ 54, 146 N.E.3d 813. "[T]he decision whether to file a motion to suppress is generally 'a matter of trial strategy, which is entitled to great deference.' " *People v. Peck*, 2017 IL App (4th) 160410, ¶ 29, 79 N.E.3d 232 (quoting *People v. Bew*, 228 Ill. 2d 122, 128, 886 N.E.2d 1002, 1006 (2008)). Accordingly, this court must determine, based upon this record, whether a motion to suppress would have been meritless. To make that determination, we must decide whether the police had probable cause to search defendant's vehicle.

¶ 22   2. *Search and Seizure*

¶ 23 All persons enjoy the right to be free from unreasonable searches and seizures. U.S. Const., amend. IV; Ill. Const. 1970, art. I, § 6. A police officer may conduct a warrantless search of a stopped vehicle if the officer has probable cause to believe that the vehicle contains contraband. *United States v. Ross*, 456 U.S. 798, 799 (1982). "To establish probable cause, it must be shown that the totality of the facts and circumstances known to the officer at the time of the search would justify a reasonable person in believing that the automobile contains contraband or evidence of criminal activity." *People v. Hill*, 2020 IL 124595, ¶ 23. Probable cause "requires only that the facts available to the officer—including the plausibility of an innocent explanation— would warrant a reasonable man to believe there is a reasonable probability 'that certain items may be contraband *** or useful as evidence of a crime.' " *Id.* ¶ 24 (quoting *Texas v. Brown*, 460 U.S. 730, 742 (1983)).

¶ 24 3. *The Law Pertaining to Cannabis in Illinois*

¶ 25 In 2014, the State of Illinois legalized the possession of cannabis for people to whom the State had granted a license to use cannabis for medical purposes. See 410 ILCS 130/1 *et seq.* (West 2014). In 2016, the State of Illinois passed a law stating that a licensed user of medical cannabis "shall not be considered an unlawful user" and that medical cannabis "purchased by a qualifying patient at a licensed dispensing organization shall be lawful products." 410 ILCS 130/7 (West 2016). Also in 2016, the State of Illinois decriminalized the possession of less than 10 grams of cannabis and defined possession of less than 10 grams as a "civil law violation." 720 ILCS 550/4(a) (West 2016).

¶ 26 Earlier this year in *Hill*, the Illinois Supreme Court acknowledged it had the opportunity to overrule its precedent that the smell of cannabis alone can establish probable cause sufficient to justify the search of a vehicle. The supreme court declined to do so, explaining as

follows:

> "[D]efendant further requests this court to overrule *People v. Stout*, 106 Ill. 2d 77, 87[, 477 N.E.2d 498, 502] (1985), which held the odor of burnt cannabis without other corroborating evidence provides an officer probable cause to search a vehicle. Based on the record, however, we find it unnecessary to address this narrow legal issue." *Hill*, 2020 IL 124595, ¶ 15.

Accordingly, *Stout* remains good law and binding precedent.

¶ 27        B. The Odor of Cannabis Justified the Search of Defendant's Vehicle

¶ 28        In this case, we must follow the lead of the Illinois Supreme Court. It is important to recognize that the Illinois Supreme Court earlier this very year declined in *Hill* to overrule *Stout*. *Id.* The *Hill* decision demonstrates that the holding in *Stout*—namely, that the scent of cannabis alone provides probable cause for a search—was in force in 2017 at the time of the search in this case. See *id.*

¶ 29        Nonetheless, defendant asks this court to conclude that defense counsel's performance was deficient for not filing a motion to suppress. Defendant's contention appears to be based upon changes in Illinois law since 2017 regarding cannabis. However, our assessment of counsel's performance must be based upon the facts and law known to counsel at the time defendant claims counsel should have filed that motion. See *People v. Bailey*, 232 Ill. 2d 285, 299, 903 N.E.2d 409, 417 (2009). As the State correctly points out, effective assistance does not impose a "duty of clairvoyance." (Internal quotation marks omitted.) *People v. Davis*, 2014 IL App (4th) 121040, ¶ 24, 22 N.E.3d 1167. Even if *Hill* could be interpreted differently (which it clearly cannot), counsel could not be ineffective for his alleged failure to act based upon a development of the law that had not yet occurred.

¶ 30    Defendant further argues that even if the smell of cannabis justified the initial search, the officers exceeded the scope of the search when they searched bags in the vehicle's passenger compartment and its trunk. However, Illinois law clearly provides that if the officers had probable cause to search the vehicle for cannabis, they were justified in searching *any* containers that had a reasonable likelihood of containing cannabis. See *People v. Williams*, 2013 IL App (4th) 110857, ¶ 34, 990 N.E.2d 916. This is a principle which traces back to *Ross*, in which the United States Supreme Court wrote the following:

> "An individual undoubtedly has a significant interest that the upholstery of his automobile will not be ripped or a hidden compartment within it opened. These interests must yield to the authority of a search, however, which *** does not itself require the prior approval of a magistrate. The scope of a warrantless search based on probable cause is no narrower—and no broader—than the scope of a search authorized by a warrant supported by probable cause. Only the prior approval of the magistrate is waived; the search otherwise is as the magistrate could authorize."
> *Ross*, 456 U.S. at 823.

¶ 31    Although the area of cannabis law is rapidly changing, the law as it stood in February 2017 unequivocally stated that the smell of cannabis emanating from a vehicle was sufficient justification for the police to search it, including its trunk and bags in the passenger compartment. See *id.* at 821-24. Because nothing in the record suggests the search was not lawful, defense counsel could not have performed deficiently by not filing a motion to suppress.

¶ 32    C. Problems With Claims of Ineffective Assistance of Counsel on Direct Appeal
Based Upon Counsel's Not Filing a Motion to Suppress

¶ 33    Throughout defendant's discussion of the search issues on appeal, defendant

operates under the (likely erroneous) assumption that the facts that came out at trial are the *only* facts that could have ever been presented in this case regarding the search of defendant's vehicle. In fact, it is entirely possible counsel may have decided to not file a motion to suppress because he knew of facts contained in police reports or elsewhere that would obviously defeat the motion.

¶ 34        For example, the "Circumstances of Offense" section of the presentence investigation report (PSI) suggests that there may have been facts outside of the record that may account for why trial counsel did not file a motion to suppress. We note that " '*all* information appearing in a presentence report may be relied upon by the sentencing judge to the extent the judge finds the information probative and reliable.' " (Emphasis in original.) *People v. Hibbler*, 2019 IL App (4th) 160897, ¶ 52, 129 N.E.3d 755 (quoting *People v. Powell*, 199 Ill. App. 3d 291, 294, 556 N.E.2d 896, 898 (1990)). The same principle justifies this court's consideration of information contained in the PSI for the limited purpose of speculating about what additional evidence the State might have presented if defendant had filed a motion to suppress.

¶ 35        The PSI states that Price observed defendant's vehicle travelling at 115 miles per hour in a 70-mile-per-hour zone. Price pursued defendant as he left the highway on an exit ramp. Defendant did not stop at a stop sign at the end of the ramp and proceeded onto Route 116. Defendant was then traveling 75 miles per hour in a 50-mile-per-hour zone. Price activated his emergency lights and stopped defendant's vehicle. When Price approached, he smelled a "strong odor of raw cannabis emitting from the vehicle." Price searched defendant's person and found $1423 in cash.

¶ 36        Although we did not consider any of this PSI information in coming to our decision, that information nonetheless serves as an example of information possibly (or even probably) known to defense counsel, which may explain why counsel did not file a motion to suppress. And,

of course, had counsel filed a motion to suppress and Price testified to this additional information, none of it would have cast defendant in a favorable light at his bench trial. Filing a motion to suppress would in effect have allowed the State to present other-crimes evidence relevant to why the police stopped defendant's vehicle. Combined with the essentially nonexistent chance of success on such a motion, counsel's decision to not file a motion to suppress under these circumstances would reflect sound judgment.

¶ 37 The Illinois Supreme Court in *Bew*, 228 Ill. 2d at 133-34, explained the difficulties facing courts of review in direct appeals when assessing claims of ineffective assistance of counsel based upon counsel's not filing a motion to suppress. The supreme court wrote the following:

"The record is insufficient to support either party's argument. Because no motion to suppress was filed, defendant was unable to argue that the evidence was inadmissible on an alternative basis, and the State never had an opportunity to argue its exceptions to the fourth amendment's probable cause and warrant requirements.

In *Massaro v. United States*, 538 U.S. 500 *** (2003), the United States Supreme Court recognized that ineffective assistance of counsel claims are preferably brought on collateral review rather than on direct appeal. This is particularly true where, as here, the record on direct appeal is insufficient to support a claim of ineffective assistance of counsel. In *Massaro*, the Supreme Court rejected a Second Circuit Court of Appeals rule that required a defendant to bring a claim for ineffective assistance on direct review or else forfeit that claim. In doing so, the Court reasoned that '[w]hen an ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often

incomplete or inadequate for this purpose.' " *Id.* at 134 (quoting *Massaro v. United States*, 538 U.S. 500, 504-05 (2003)).

The present case reveals the wisdom of the concerns expressed by the supreme court in *Bew*.

¶ 38      This is not to say that an argument on direct appeal that trial counsel was ineffective for not filing a motion to suppress can *never* be successful. However, it would be quite rare for a record on direct appeal to affirmatively establish that counsel did not file a motion to suppress because of counsel's error of judgment or understanding. An example of a case in which the record was adequate to justify a claim on direct appeal that defense counsel was ineffective for failing to file a motion to suppress is *Peck*.

¶ 39      In *Peck*, this court concluded counsel was ineffective for failing to file a motion to suppress because the record showed the police violated *Miranda v. Arizona*, 384 U.S. 436 (1966), by continuing to question the defendant after he invoked his *Miranda* rights. *Peck*, 2017 IL App (4th) 160410, ¶ 38. This court wrote that "[c]ounsel's failure to file this motion was not the result of a tactical decision but of a fundamental misjudgment. Counsel's testimony at the *Krankel* hearing demonstrated she erroneously believed a motion to suppress would be without merit because defendant reinitiated the conversation with police." *Id.*; see *People v. Krankel*, 102 Ill. 2d 181, 464 N.E.2d 1045 (1984).  In other words, unlike in this case, the record in *Peck* affirmatively established the facts necessary to conclude counsel performed deficiently.

¶ 40      The record in this case also suggests that even if the officers lacked probable cause to search the vehicle based on the smell of cannabis, the inevitable discovery doctrine would likely apply. "This exception [to the exclusionary rule] permits evidence, that would otherwise be inadmissible at trial, to be admitted where the State can show that such evidence would inevitably have been discovered without reference to the police error or misconduct." (Internal quotation

marks omitted.) *People v. Sutherland*, 223 Ill. 2d 187, 227-28, 860 N.E.2d 178, 209 (2006).

¶ 41 Price testified he arrested defendant for driving 115 miles per hour in a 70-mile-per-hour zone. That is a misdemeanor charge, not a mere traffic ticket (see 625 ILCS 5/11-601.5(b) (West 2016)), and Price's testimony suggests that he took defendant into custody. If that inference is correct, then it is unlikely that the police would have simply abandoned defendant's vehicle on the side of the road. Instead, they likely would have had it towed, and as often happens when a vehicle is towed, the contents of the vehicle would have been subject to an inventory search by the police. "Inventory searches are another exception to the general prohibition against warrantless searches." *People v. Cregan*, 2011 IL App (4th) 100477, ¶ 31, 961 N.E.2d 926. If this assessment of the likely circumstances in this case is correct (and we note that the State could have presented evidence to this effect if defendant had filed a motion to suppress), then the seized evidence would have inevitably been discovered, and no motion to suppress would have been successful.

¶ 42 III. CONCLUSION

¶ 43 For the reasons stated, we affirm the trial court's judgment.

¶ 44 Affirmed.

**No. 4-18-0819**

| | |
|---|---|
| **Cite as:** | *People v. Rowell*, 2021 IL App (4th) 180819 |
| **Decision Under Review:** | Appeal from the Circuit Court of Livingston County, No. 17-CF-51; the Hon. Jennifer H. Bauknecht, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Catherine K. Hart, and Darrel F. Oman, of State Appellate Defender's Office, of Springfield, for appellant. |
| **Attorneys for Appellee:** | Randy Yedinak, State's Attorney, of Pontiac (Patrick Delfino, David J. Robinson, and James Ryan Williams, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |