2023 IL App (4th) 220209

NO. 4-22-0209

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 25, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Henry County |
| ANDREW L. HALL, | ) | No. 21CF222 |
| Defendant-Appellee. | ) | |
| | ) | Honorable |
| | ) | Terence M. Patton, |
| | ) | Judge Presiding. |

_____

PRESIDING JUSTICE DeARMOND delivered the judgment of the court, with opinion.
Justices Cavanagh and Harris concurred in the judgment and opinion.

**OPINION**

¶ 1        Police stopped a vehicle in which defendant, Andrew L. Hall, was a passenger. The officer noticed the odor of cannabis coming from the vehicle and instructed its occupants to give her the cannabis and any drug paraphernalia. After another passenger admitted he had a small amount of cannabis, the officer searched the vehicle. Ultimately, defendant was arrested and charged with unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 2020)).

¶ 2        Defendant filed a motion to suppress evidence, arguing the odor of cannabis alone did not provide probable cause to search the vehicle. The circuit court granted the motion.

¶ 3        The State appeals, arguing the circuit court erred in granting the motion to suppress because the odor of cannabis constituted probable cause to search the vehicle. We reverse and remand.

¶ 4                                    I. BACKGROUND

¶ 5        In July 2020, while conducting a traffic stop of a vehicle in which defendant was a passenger, Sarah Van Hollebeke, a police officer with over 28 years' experience, detected the odor of cannabis coming from the vehicle. Van Hollebeke, a patrol officer employed by the city of Colona, eventually searched the vehicle and discovered, *inter alia*, cannabis and a rolled joint in an orange container in the back seat, where defendant had been sitting. Defendant was arrested and charged with unlawful possession of a controlled substance, a Class 4 felony (720 ILCS 570/402(c) (West 2020)). The charge was based on a quantity of LSD found in the back seat during the search that is not directly involved in the issue defendant raises on appeal.

¶ 6        Defendant filed a motion to suppress evidence, arguing the officer lacked probable cause to search the vehicle because cannabis "is a legal substance and the odor alone does not indicate unlawful activity which provides probable cause to search or seize a person."

¶ 7        During the motion hearing, Van Hollebeke testified she detected the odor of raw cannabis when she was approximately 30 feet away from the vehicle, and the scent grew stronger as she walked closer to the vehicle. Van Hollebeke described the cannabis odor as "overwhelming," and she confirmed it originated from inside the vehicle. After verifying the driver's information, Van Hollebeke "instructed" the occupants to produce the cannabis "as well as the drug paraphernalia." As the occupants exited the vehicle, the front seat passenger admitted he possessed "a small amount of cannabis." Van Hollebeke searched him and the vehicle's front passenger seat area, finding cannabis "located in his area."

¶ 8            As Van Hollebeke searched the vehicle's back seat, defendant became "very anxious" and, when asked, admitted an "orange container with personal use cannabis" would be found in the area he occupied before exiting the vehicle. Van Hollebeke found a small amount of cannabis and a rolled joint in an orange container in the back seat. Defendant was the only person sitting in the back seat when Van Hollebeke initiated the traffic stop. The cannabis was not in an odor-proof container, as required by law. See 625 ILCS 5/11-502.1 (West 2020).

¶ 9            Defense counsel argued Van Hollebeke lacked probable cause to search the vehicle because, while the odor indicated the presence of cannabis, cannabis was no longer inherently illegal due to recent legislation. Defense counsel analogized the odor of cannabis to the odor of alcohol, noting Illinois courts have found the odor of alcohol alone does not justify a warrantless vehicle search during a DUI investigation.

¶ 10           The State argued cannabis possession was subject to several regulations, including the requirement that cannabis be transported in an odor-proof container while in a vehicle. Based on Van Hollebeke's detection of the odor of cannabis from approximately 30 feet away, the State argued probable cause existed to believe a violation occurred, namely improper cannabis transportation.

¶ 11           The circuit court acknowledged the Illinois Supreme Court, in *People v. Stout*, 106 Ill. 2d 77, 477 N.E.2d 498 (1985), found "a trained and experienced officer who smelled the odor of cannabis coming from a vehicle had probable cause to search the vehicle." The circuit court asserted the central question here was whether *Stout* remained good law after the Illinois legislature legalized cannabis possession under certain circumstances. The circuit court stated it could not "find any distinction or any reason to treat cannabis any differently" from alcohol. The circuit court granted defendant's motion to suppress, saying, "[B]ased on *** the fact that

cannabis is now legalized, under certain circumstances, I believe that the odor of cannabis needs to be treated like the odor of alcohol. I don't see any *** other rationale to treat it differently."

¶ 12        This appeal followed.

¶ 13                          II. ANALYSIS

¶ 14        On appeal, the State argues the circuit court erred in granting defendant's motion to suppress because there was probable cause to search the vehicle. We agree.

¶ 15        When determining whether a circuit court erred in granting a motion to suppress, we will not reverse the circuit court's factual findings unless they are against the manifest weight of the evidence, but we review *de novo* the ultimate ruling as to whether suppression is warranted. *People v. Hill*, 2020 IL 124595, ¶ 14, 162 N.E.3d 260.

¶ 16        "The fourth amendment to the United States Constitution protects the 'right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.' " *People v. Jones*, 215 Ill. 2d 261, 268, 830 N.E.2d 541, 548 (2005) (quoting U.S. Const., amend. IV). While a warrantless search of a vehicle is not *per se* unreasonable, an officer needs probable cause to conduct such a search. *Hill*, 2020 IL 124595, ¶¶ 21-22 (citing *California v. Acevedo*, 500 U.S. 565, 569 (1991); *Carroll v. United States*, 267 U.S. 132 (1925)). "To establish probable cause, it must be shown that the totality of the facts and circumstances known to the officer at the time of the search would justify a reasonable person in believing that the automobile contains contraband or evidence of criminal activity." *Hill*, 2020 IL 124595, ¶ 23.

¶ 17        More than 35 years ago, in *Stout*, our supreme court held the odor of burnt cannabis, absent further corroborating evidence, provided probable cause to search a vehicle. See *Stout*, 106 Ill. 2d at 86-88. The *Stout* court addressed "whether the detection of the odor of cannabis emanating from the defendant's vehicle gave the arresting officer probable cause to

- 4 -

conduct a warrantless search." *Stout*, 106 Ill. 2d at 82. The supreme court found probable cause existed based on "the particular facts of this case, including the officer's experience and training in the detection of controlled substances." *Stout*, 106 Ill. 2d at 87.

¶ 18 In *Hill*, the supreme court chose not to overturn *Stout* after the enactment of the Compassionate Use of Medical Cannabis Pilot Program Act (410 ILCS 130/1 *et seq.* (West 2016)). *Hill*, 2020 IL 124595, ¶ 15. The *Hill* defendant argued cannabis's odor no longer established probable cause to conduct a warrantless search of a vehicle and therefore *Stout* was no longer binding precedent. *Hill*, 2020 IL 124595, ¶ 15. The supreme court declined the opportunity to reverse *Stout*, finding *Hill*'s factual context distinguishable from *Stout*'s—in *Hill*, additional evidence beyond the cannabis odor indicated the presence of contraband or criminal activity, while only the cannabis odor was present in *Stout*. *Hill*, 2020 IL 124595, ¶¶ 15-18.

¶ 19 After *Hill*'s publication, this court found *Stout* remained good law and binding precedent in *People v. Rowell*, 2021 IL App (4th) 180819, 182 N.E.3d 806. In doing so, we highlighted the supreme court's refusal to overturn *Stout*, saying, "[I]n *Hill*, the Illinois Supreme Court acknowledged it had the opportunity to overrule its precedent that the smell of cannabis alone can establish probable cause sufficient to justify the search of a vehicle. The supreme court declined to do so ***." *Rowell*, 2021 IL App (4th) 180819, ¶ 26.

¶ 20 Recently, in *People v. Molina*, 2022 IL App (4th) 220152, ¶ 24, we addressed whether changes in the law regarding cannabis regulation "rendered *Stout* inapplicable to post-legalization of cannabis factual scenarios." The *Molina* defendant insisted the *Stout* and *Rowell* holdings no longer applied after the passage of laws legalizing the possession of recreational cannabis. *Molina*, 2022 IL App (4th) 220152, ¶ 24. We disagreed, once again finding *Stout* remained binding precedent. See *Molina*, 2022 IL App (4th) 220152, ¶ 43.

¶ 21    We observed the Vehicle Code requires cannabis to be transported in an odor-proof container. *Molina*, 2022 IL App (4th) 220152, ¶¶ 29-44; see 625 ILCS 5/11-502.1, 11-502.15 (West 2020). We found the plain, harmonious reading of the statutes at issue showed the legislature "did not intend to end the requirement that cannabis be stored in an odor-proof container while being transported in a vehicle." *Molina*, 2022 IL App (4th) 220152, ¶ 35. We emphasized the legislature could have, and would have, removed the Vehicle Code's language requiring cannabis to be stored in an odor-proof container while in a vehicle if it wished to do so. *Molina*, 2022 IL App (4th) 220152, ¶ 37.

¶ 22    We concluded the recent cannabis-related changes in the legal landscape did not render *Stout* and *Hill* inapplicable. *Molina*, 2022 IL App (4th) 220152, ¶ 43. Accordingly, we found "(1) *Stout* remains good law and (2) the smell of raw cannabis, without any corroborating factors, is sufficient to establish probable cause to search a person's vehicle." *Molina*, 2022 IL App (4th) 220152, ¶ 52.

¶ 23    Turning to the case at hand, the State argues on appeal that the circuit court erred in granting defendant's motion to suppress because *Stout* and *Hill* are binding authority over this court. Defendant insists *Stout*'s rationale no longer applies because cannabis is legal under certain circumstances.

¶ 24    As an initial matter, we find this case more analogous to *Hill* than *Molina* or *Stout* because Van Hollebeke relied on more than the odor of cannabis to provide probable cause to search the vehicle. See *Hill*, 2020 IL 124595, ¶ 16 ("Unlike *Stout*, the officer here relied on more than the odor of raw cannabis."). The record shows that Van Hollebeke conducted the search after she smelled the odor of cannabis *and* one of the vehicle's occupants admitted to possessing cannabis. Specifically, after Van Hollebeke instructed the occupants to produce the cannabis and

- 6 -

any drug paraphernalia, the front seat passenger "said that he had a small amount of cannabis." Van Hollebeke subsequently searched the vehicle and found cannabis in the passenger side of the front seat area, as well as the back seat area, where defendant had been sitting. Thus, Van Hollebeke relied on the odor of cannabis and the front seat passenger's admission to establish probable cause. See *Hill*, 2020 IL 124595, ¶ 16. Therefore, probable cause existed based on more than just the odor of cannabis. The odor of cannabis and the front seat passenger's admission created probable cause to search the vehicle, and the circuit court erred in granting defendant's motion to suppress evidence.

¶ 25    Although the officer here relied on more than the odor of cannabis, had she relied solely on the cannabis odor to provide probable cause, we would find the reasoning employed by defendant and the circuit court below unpersuasive.

¶ 26    First, important regulatory differences exist between cannabis and alcohol— unlike cannabis, alcohol's legality is not conditioned on its amount, and Illinois law does not require alcohol to be transported in an odor-proof container. See *Molina*, 2022 IL App (4th) 220152, ¶ 51; see also 410 ILCS 705/10-10 (West 2020); 625 ILCS 5/11-502.1 (West 2020). Thus, we disagree with the circuit court, which found no distinction between cannabis and alcohol and no reason to treat those substances differently.

¶ 27    Second, *Stout*, which held the odor of cannabis, on its own, provides probable cause to search a vehicle (*Stout*, 106 Ill. 2d at 86-88), remains good law and binding precedent. See *Molina*, 2022 IL App (4th) 220152, ¶ 22; *Rowell*, 2021 IL App (4th) 180819, ¶ 26. Therefore, even without the front seat passenger's admission, probable cause still existed to search the vehicle. Van Hollebeke testified that she first detected the odor of raw cannabis when she was approximately 30 feet away, and the odor grew stronger as she approached the vehicle.

As previously mentioned, the Vehicle Code requires cannabis to be transported in an odor-proof container while in a vehicle. 625 ILCS 5/11-502.1 (West 2020). Further, it is impossible to determine from the odor alone whether the quantity to be found is within legal limits. The facts available to Van Hollebeke when she conducted the search constituted probable cause, as a reasonable person in her position would believe someone in the vehicle was at least transporting cannabis in a manner violating the Vehicle Code. See *Hill*, 2020 IL 124595, ¶ 23. The circuit court erred in finding otherwise.

¶ 28                                    III. CONCLUSION

¶ 29        For the foregoing reasons, we reverse the circuit court's judgment and remand the matter for further proceedings.

¶ 30        Reversed and remanded.

*People v. Hall*, 2023 IL App (4th) 220209

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Henry County, No. 21-CF-222; the Hon. Terence M. Patton, Judge, presiding. |
| **Attorneys for Appellant:** | Catherine L. Runty, State's Attorney, of Cambridge (Patrick Delfino, David J. Robinson, and Luke McNeill, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| **Attorneys for Appellee:** | Matthew Paulson, of Paulson, Vandersnick & Bradfield Law, of Rock Island, for appellee. |